# EXHIBIT A

**DOCUMENT 1**

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>46<br>Date of Filing:  Judge Code:<br>01/18/2019 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
### AL JEROME ANDRY v. TERESA SPEAR ATZBACH ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
    Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
    Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC – Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**   A ☐ **APPEAL FROM DISTRICT COURT**   O ☐ **OTHER**

R ☐ **REMANDED**   T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO  **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
PHI044    1/18/2019 4:36:38 PM    /s/ WILL GRIMES PHILLIPS MR.
    Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

### IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| **AL JEROME ANDRY,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | *  **CASE NO.: CV-2019-_____** |
| | * |
| **TERESA SPEAR ATZBACH, ANDRES** | * |
| **SUAREZ AND J & J DRIVE-AWAY,** | *  **PLAINTIFF DEMANDS** |
| **INC., Fictitious Defendants A – Z, the** | *  **TRIAL BY JURY** |
| **person, firm, corporation and or entity** | * |
| **who was driving the vehicle on behalf of** | * |
| **Andres Suarez and or J & J Drive-Away,** | * |
| **Inc., at the time and place of the wreck** | * |
| **made the basis of the suit; Fictitious** | * |
| **Defendants A – Z the person, firm,** | * |
| **corporation and or entity who was the** | * |
| **owner, operator or controller of the** | * |
| **vehicle driven by Andres Suarez and or J** | * |
| **& J Drive-Away, Inc and or who** | * |
| **employed Andres Suarez and/or J & J** | * |
| **Drive-Away, Inc. at the time and place of** | * |
| **the wreck made the basis of this suit, and** | * |
| **who had such vehicle under their control** | * |
| **and entrusted the operation of said** | * |
| **vehicle to Andres Suarez and or J & J** | * |
| **Drive-Away, Inc.; Fictitious Defendants** | * |
| **A – Z, the person, firm, corporation** | * |
| **and/or entity whose negligence and/or** | * |
| **wantonness contributed in any way to the** | * |
| **wreck made the basis of this suit;** | * |
| | * |
| **Defendants.** | * |

### COMPLAINT
### JURISDICTIONAL PREAMBLE

COMES NOW the Plaintiff, Al Jerome Andry, and in accordance with the *Rules of Civil Procedure*, files the following claim for relief against the Defendants, Teresa Spear Atzbach, Andres Suarez and J & J Drive Away, Inc. and Fictitious Defendants, A - Z, as follows:

1.     The Plaintiff, Al Jerome Andry is a resident of Mobile County, Alabama.

2.     The Defendant, Teresa Spear Atzbach is a resident of Macon County, Alabama.

3.      The Defendant, Andres Suarez is a resident of Washington County, Maryland.

4.      The Defendant, J & J Drive-Away, Inc. is a business, doing business in Johnson County, Kansas.

5.      Jurisdiction and venue of this action are proper in Macon County, Alabama.

6.      Fictitious Defendants A – Z are persons, firms, corporations and/or entities within the jurisdiction of this Court as set out in the style of this Complaint, whose true names are unknown to the Plaintiff at this time but will be substituted by amendment when discovered.

7.      The amount in controversy is within the jurisdictional limits of this Honorable Court.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

Plaintiff, Al Jerome Andry, alleges against the Defendants, Teresa Spear Atzbach and Fictitious Defendants A – Z, separately and severally as follows:

8.      The Plaintiff adopts and realleges all prior paragraphs as is fully set out herein. On or about October 16, 2018, the Plaintiff, Al Jerome Andry, was injured in a motor vehicle crash which occurred on the northbound side of Interstate 85 between Alabama Highway 81 and County Road 1132 in Macon County, Alabama. At that time and place, Defendant Teresa Spear Atzbach negligently failed to move her disabled vehicle from the right of way causing a traffic hazard which caused the Plaintiff to be struck causing serious damage and injury. The crash made the basis of this Complaint was the proximate result of the negligence of Teresa Spear Atzbach.

9.      As the proximate result of the negligence of Teresa Spear Atzbach, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to incur and

will incur in the future medical bills, hospital bills, and other medical expenses; the Plaintiff lost wages and will incur lost wages in the future; the Plaintiff lost the use and value of his vehicle and trailer.

WHEREFORE, the Plaintiff, Al Jerome Andry, demands judgment against the Defendant, Teresa Spear Atzbach and/or Fictitious Defendants A - Z for compensatory damages, and such other damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interests and costs.

## SECOND CAUSE OF ACTION
## WANTONNESS

Plaintiff, Al Jerome Andry, alleges against the Defendant, Teresa Spear Atzbach, and Fictitious Defendants A – Z, separately and severally as follows:

10.     The Plaintiff adopts and realleges all prior paragraphs as if fully set out herein. On or about October 16, 2018, the Plaintiff was injured in a motor vehicle wreck which occurred on the northbound side of Interstate 85 between Alabama Highway 81 and County Road 1132 in Macon County, Alabama. At that time and place, Defendant, Teresa Spear Atzbach, wantonly failed to move her disabled vehicle from the right of way causing a traffic hazard which caused the Plaintiff to be struck causing serious damage and injury. The crash made the basis of this Complaint was the proximate result of the negligence of Teresa Spear Atzbach.

11.     As the proximate result of the wantonness of Teresa Spear Atzbach, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to incur and will incur in the future medical bills, hospital bills, and other medical expenses; the Plaintiff lost wages and will incur lost wages in the future; the Plaintiff lost the use and value of his vehicle.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Teresa Spear Atzbach, and/or Fictitious Defendants A – Z for punitive, and such other damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interest and costs.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

Plaintiff, Al Jerome Andry, alleges against the Defendants, Andres Suarez and Fictitious Defendants A – Z, separately and severally as follows:

12.     The Plaintiff adopts and realleges all prior paragraphs as is fully set out herein. On or about October 16, 2018, the Plaintiff, Al Jerome Andry, was injured in a motor vehicle crash which occurred on the northbound side of Interstate 85 between Alabama Highway 81 and County Road 1132 in Macon County, Alabama.  At that time and place, Defendant, Andres Suarez negligently failed to yield the right of way to the Plaintiff and struck the Plaintiff causing serious damage and injury.  The crash made the basis of this Complaint was the proximate result of the negligence of Andres Suarez.

13.     As a proximate result of the negligence of Andres Suarez, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to incur and will incur in the future medical bills, hospital bills, and other medical expenses; the Plaintiff lost wages and will incur lost wages in the future; the Plaintiff lost the use and value of his vehicle.

WHEREFORE, the Plaintiff, Al Jerome Andry, demands judgment against the Defendants, Andres Suarez and/or Fictitious Defendants A – Z, for compensatory damages, and such other

DOCUMENT 2

damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interests and costs.

### FOURTH CAUSE OF ACTION
### WANTONNESS

Plaintiff, Al Jerome Andry, alleges against the Defendants, Andres Suarez and Fictitious Defendants A – Z, separately and severally as follows:

14.     The Plaintiff adopts and realleges all prior paragraphs as if fully set out herein. On or about October 16, 2018, the Plaintiff was injured in a motor vehicle wreck which occurred on the northbound side of Interstate 85 between Alabama Highway 81 and County Road 1132 in Macon County, Alabama. At that time and place, Defendant, Andres Suarez, wantonly failed to yield the right of way to the Plaintiff and struck the Plaintiff causing serious damage and injury. The wreck made the basis of this Complaint was the proximate result of the wantonness of Andres Suarez.

15.     As a proximate result of the wantonness of Andres Suarez, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to incur and will incur in the future medical bills, hospital bills, and other medical expenses; the Plaintiff lost wages and will incur lost wages in the future; the Plaintiff lost the use and value of his vehicle.

WHEREFORE, the Plaintiff demands judgment against the Defendants, Andres Suarez and/or Fictitious Defendants A – Z for punitive, and such other damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interest and costs.

## FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING

Plaintiff, Al Jerome Andry, alleges against the Defendant, J & J Drive-Away, Inc, and Fictitious Defendants A – Z, separately and severally as follows:

16.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

17.     Defendant J & J Drive-Away, Inc. hired Defendant Andres Suarez as a driver and to transport cargo.

18.     Defendant Andres Suarez lacked and continues to lack the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

19.     At the time Defendant Andres Suarez was hired, J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

20.     As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry, demands judgment against the Defendant, J & J Drive-Away, Inc., for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## SIXTH CAUSE OF ACTION
## WANTON HIRING

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc, and Fictitious Defendants A – Z, separately and severally as follows:

21.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

22.     Defendant J & J Drive-Away, Inc. hired Defendant Andres Suarez as a driver and to transport cargo.

23.     Defendant Andres Suarez lacked and continues to lack the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

24.     At the time Defendant Andres Suarez was hired, J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

25.     At the time Defendant Andres Suarez was hired, J & J Drive-Away, Inc. knew or should have known that hiring Andres Suarez would likely cause injury to another person.

26.     As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT TRAINING

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

27.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

28.     Defendant J & J Drive-Away, Inc. had a duty as an employer and supervisor of Defendant Andres Suarez to give, supervise, and control the necessary and proper training of Andres Suarez so that he could carry out the job duties of a driver in a reasonable and safe manner.

29.     Defendant J & J Drive-Away, Inc. failed to give, supervise, and control the necessary and proper training of Andres Suarez.

30.     As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## EIGHTH CAUSE OF ACTION
## WANTON TRAINING

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

31.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

32.     Defendant J & J Drive-Away, Inc. had a duty as employer and supervisor of Defendant Andres Suarez to give, supervise, and control the necessary and proper training of Andres Suarez so that he could carry out the job duties of a driver in a reasonable and safe manner.

33.     Defendant J & J Drive-Away, Inc. failed to give, supervise, and control the necessary and proper training of Andres Suarez .

34.     By failing to give Defendant Andres Suarez the proper training, Defendant J & J Drive-Away, Inc. knew or should have known that its actions would likely cause injury to another person.

35.     As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## NINTH CAUSE OF ACTION
## NEGLIGENT RETENTION

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

36.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

37.     Defendant J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

38.     Despite this knowledge, Defendant J & J Drive-Away, Inc. failed to terminate Defendant Andres Suarez's job duties as a driver.

39.     As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

DOCUMENT 2

## TENTH CAUSE OF ACTION
## WANTON RETENTION

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

40.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

41.     Defendant J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

42.     Despite this knowledge, Defendant J & J Drive-Away, Inc. failed to terminate Defendant Andres Suarez's job duties as a driver.

43.     By failing to terminate Defendant Andres Suarez's job duties as a driver, Defendant J & J Drive-Away, Inc. knew or should have known that its actions would likely cause injury to another person.

44.     As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## ELEVENTH CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

45.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

46.     Defendant J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

47.     Despite this knowledge, Defendant J & J Drive-Away, Inc. allowed Defendant Andres Suarez to transport cargo for J & J Drive-Away, Inc.

48.     As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## TWELFTH CAUSE OF ACTION
## WANTON ENTRUSTMENT

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc. and Fictitious Defendants A – Z, separately and severally as follows:

49.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

50.     Defendant J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

51.     Despite this knowledge, Defendant J & J Drive-Away, Inc. allowed Defendant Andres Suarez to transport cargo for J & J Drive-Away, Inc.

52.     By entrusting the use and control of the vehicle to Defendant Andres Suarez, Defendant J & J Drive-Away, Inc. knew or should have known that its actions would likely cause injury to another person.

53.     As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

### THIRTEENTH CAUSE OF ACTION
### NEGLIGENT SUPERVISION

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

54.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

55.     Defendant J & J Drive-Away, Inc. had a duty as employer and supervisor of Defendant Andres Suarez to supervise, correct, and monitor the employment of Defendant Andres Suarez in order to ensure that his work was performed in a reasonable and safe manner.

56.     Defendant J & J Drive-Away, Inc. failed to supervise, correct, and monitor the employment of Defendant Andres Suarez.

57.     As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

DOCUMENT 2

## FOURTEENTH CAUSE OF ACTION
## WANTON SUPERVISION

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

58.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

59.     Defendant J & J Drive-Away, Inc. had a duty as employer and supervisor of Defendant Andres Suarez to supervise, correct, and monitor the employment of Defendant Andres Suarez in order to ensure that his work was performed in a reasonable and safe manner.

60.     Defendant J & J Drive-Away, Inc. failed to supervise, correct, and monitor the employment of Defendant Andres Suarez.

61.     By failing to supervise, correct, and monitor the employment of Defendant Andres Suarez, Defendant J & J Drive-Away, Inc. knew or should have known that its actions would likely cause injury to another person.

62.     As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile

OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830

**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICE THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:**

**Teresa Spear Atzbach**
**530 Union Camp Road**
**Notasulga, AL 36866**

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONALY SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez**
**108 Main Street**
**Hancock, MD  21750**

DOCUMENT 2

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive-Away, Inc**
**7270 West 162nd Street**
**Stilwell, KS  66085**

DOCUMENT 3

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY,                              *
                                             *
     **Plaintiff,**                          *
                                             *
v.                                            *
                                             *     **CASE NO.: CV-2019-_____**
TERESA SPEAR ATZBACH, ANDRES                  *
SUAREZ AND J & J DRIVE-AWAY,                   *
INC., Fictitious Defendants A – Z, the        *     **TO BE SERVED**
person, firm, corporation and/or entity       *     **WITH COMPLAINT**
who was driving the vehicle on behalf of      *
Teresa  Spear Atzbach, Andres Suarez          *
and J & J Drive-Away, Inc., at the time       *
and place of the wreck made the basis of      *
the suit; Fictitious Defendants A – Z the     *
person, firm, corporation and or entity       *
who was the owner, operator or                *
controller of the vehicle driven by Teresa    *
Spear Atzbach, Andres Suarez and J & J        *
Drive-Away, Inc. and/or who employed          *
Teresa  Spear Atzbach, Andres Suarez          *
and J & J Drive-Away, Inc. at the time        *
and place of the wreck made the basis of      *
this suit, and who had such vehicle under     *
their control and entrusted the operation     *
of said vehicle to Teresa  Spear Atzbach,     *
Andres Suarez and J & J Drive-Away,           *
Inc.; Fictitious Defendants A – Z, the        *
person, firm, corporation and/or entity       *
whose negligence and/or wantonness            *
contributed in any way to the wreck           *
made the basis of this suit;                  *
                                             *
     **Defendants.**                         *

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION TO THE DEFENDANT,
### TERESA SPEAR ATZBACH

     COMES NOW, Plaintiff, Al Jerome Andry, in the above-styled cause, and pursuant to the

*Rules of Civil Procedure*, propounds the following Interrogatories and Request for Production to

the Defendant, Teresa Spear Atzbach, to be answered and responded to within the time prescribed

by law:

You are reminded that under the provisions of Rule 26(e) you are under a duty to seasonably supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon which the basis of which (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff with fifteen (15) days after receipt of such information.

## DEFINITIONS

Unless otherwise indicated the following definitions shall be applicable to these Interrogatories:

"You" and "your" shall mean the Defendant and each of his employees, agents, or representatives, and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed, electronic mail, or graphic matter of any kind or description, however produced or reproduced.

"Identify" and "identification," when used with reference to a person, shall mean to state the full name and present or last known address of said person.

2

"Identify" and "identification," when used with reference to a document, shall mean to state its date, author or signor, addressee, type of document and all other means of identifying it, and its present or last known location or custodian. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## INTERROGATORIES

1.    Please state your full legal name, age, social security number, home address, employer, employer's telephone number and employer's address.

2.    Describe completely and in detail the vehicle being operated by you at the time of the wreck made the basis of this suit, including the make, model, year, vin numbers, odometer reading and body style of the same.

3.    Please state the full legal name, telephone number, and address of the owner of the vehicle which you were operating at the time of the wreck made the basis of this suit.

4.    State in detail your understanding of how the wreck referred to in the Plaintiff's Complaint occurred, including a full listing of events or actions that occurred just prior to, during, and immediately after the wreck.

5.    State the purpose of the trip you were making at the time of the wreck made the basis of this suit, including from where you had departed and where you were going.

6.    Have any photographs or films been taken of the scene of the wreck and/or the vehicle you were operating, the Plaintiff's vehicle and/or the parties involved in said wreck? If so, please attach hereto color copies of said photographs to your answers to these interrogatories.

3

7.      Please state the name, last known address and telephone number of each person known to you who was an eyewitness to the wreck made the basis of this suit, or any person who has any first-hand knowledge of the facts and circumstances of the wreck.

8.      Please identify your liability insurance coverage which was in force, if any, at the time of the wreck made the basis of this suit. If you had any excess liability coverage and/or umbrella liability coverage, please identify that policy, including in your answer the names and addresses of any and all insurance companies which furnished you with liability insurance coverage, the policy number and the limits of each such policy.

9.      Do you contend that the act or acts of any party other than you in any way caused and/or contributed to the wreck made the basis of this suit? If so, please state the full name and last known address of such other party and describe in detail the act or acts of such other party which you contend caused and/or contributed to the wreck made the basis of this suit.

10.     Please describe completely in detail all of your activities for the twenty-four (24) hour period immediately preceding the wreck made the basis of this suit, including but not limited to, where you were, what you were doing, and the name(s), telephone number(s), and address(es) of anyone accompanying you or who was in your presence.

11.     Did you consume or take any narcotic, prescription medication or alcoholic beverages during the twenty-four (24) hour period immediately preceding the wreck made the basis of this suit? If so, please state:

    a.  The date and time of consumption;

    b.  The name, if any, and specific address of the place where the beverages, narcotics or prescription medications were purchased;

c.  The name or type, dosage or size of the narcotics, beverages or prescription medications that were taken or consumed.

12.     Did you have a current valid driver's license at the time of the wreck made the basis of this suit? If so, please state any and all restrictions on your driver's license both now and at the time of the wreck made the basis of this suit. If not, please state completely and in detail the reason why you did not have a current, valid driver's license.

13.     Have you been involved in any other automobile accidents during the five years preceding the wreck made the basis of this suit? If so, please state the date, place and parties involved in each such accident and whether you or your insurance company paid any damages as a result of any such accident.

14.     Please list all moving traffic violations you have been charged with during the five year period preceding the wreck made the basis of this suit.

15.     Please state whether you have been arrested and/or convicted of any offense other than traffic violations. If your answer is affirmative, identify each such offense and the date of the offense.

16.     Has your automobile insurance ever been canceled? If so, please give the name and address of the insurance company and full and complete details of any such cancellation.

17.     Please state whether any blood tests were taken of you during the twenty-four (24) hour period immediately preceding and/or following the wreck made the basis of this suit. If so, please state:

a.  The date and time of each test;

b.  The name, telephone number, and specific address of the place or places where the test were administered;

5

    c.  The name, telephone number, and address of the person requesting such test and the reason therefore;

    d.  The results of any such test.

18.    State your complete employment history, including for each place of employment, your beginning and ending employment dates, your job title, job duties, supervisor's name, hourly rate of pay, and reason for leaving.

19.    Please state whether or not your wear corrective lenses. If your answer is affirmative, state whether they are eyeglasses or contact lenses, state the strength of the prescription, state the name of the medical provider who prescribed such lenses to you, and state the last date on which such prescription was filled.

20.    If your answer to interrogatory number 19 is affirmative, state the names, telephone numbers, and addresses of each and every ophthalmologist, optometrist, or other vision specialist or corrective lens provider you have visited or been examined by for the past 15 years.

21.    State whether or not you use a cellular telephone and if your answer is affirmative, state the owner of cellular telephone, the name of the telephone company who provides the service to you and the cellular telephone number.

22.    State the approximate date on which you first obtained a motor vehicle driver's license. Please state further any and all restrictions on your driver's license both now and at the time or the wreck made the basis of this suit.

23.    List the name, style, case number, jurisdiction and date of filing for every lawsuit, other than this present one, in which you have been a party, Plaintiff or Defendant.

24.     State whether or not you have ever had your driver's license suspended or revoked. If your answer is affirmative, state the dates of such suspension or revocation and the reason for such suspension or revocation.

25.     State whether, at the time of the incident made the basis of this case, you were working within the line and scope of your employment with any entity.

26.     State whether or not you have had any hearing or vision screening tests performed during the past five years. If your answer is affirmative, state the name, telephone number, and address of the medical provider's office at which such screening was performed. Also list the dates for each such hearing or vision screening test.

27.     Identify each person whom you expect to call as an expert witness at the trial of this case; state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; the summary of the grounds for each such opinion and the qualifications of each such expert(s).

## REQUEST FOR PRODUCTION

1.     Produce a front and back copy of your current driver's license.

2.     Produce a front and back copy of the driver's license being used at the time of the wreck if different from the one requested in Request for Production question 1.

3.     Produce a copy of the tag receipt and motor vehicle title for the vehicle operated by the Defendant at the time of the collision.

4.     Produce a copy of any and all photographs, video tapes, charts or diagrams of the collision scene which have been taken or made by any employee, person or organization which you have in your custody or control or which can be obtained by you; further produce any and all

photographs, video tapes, charts or diagrams that you indent to introduce into evidence at the trial of this case.

5.      Produce a copy of any and all photographs, video tapes, charts or diagrams of any of the vehicles involved in the collision which have been taken or made by any employee, person or organization which you have in your custody or control or which can be obtained by you; further produce any and all photographs, video tapes, charts or diagrams that you indent to introduce into evidence at the trial of this case.

6.      Produce a copy of any documents and/or repair estimates, invoices or work orders concerning property damage sustained by the vehicle operated by the Defendant.

7.      Produce copy of any maintenance records, receipts and/or invoices for the three year period prior to the collision on the vehicle operated by the Defendant at the time of the collision.

8.      Produce a certified copy of your policy of liability insurance in effect at the time of the wreck made the basis of this lawsuit, including the declaration page.

9.      Produce a copy of any and all statements (recorded and/or written), whether or not signed by the person making said statements, from any person having or claiming to have knowledge or information regarding the wreck which made the basis of this suit.

       a.   Produce for inspection the original and/or copies of any tapes, videotapes, CDs, regarding any and all statements made by the Plaintiff, Defendant, and/or witnesses regarding the wreck.

10.     Produce a copy of all documents received by the Defendant pursuant to each and every Non-Party Subpoena issued at the request of the Defendant.

8

11.     Produce any and all Federal and State Income Tax Returns, W-2 Forms, and any other supporting documents for the year of the wreck and four years prior to the wreck which made the basis for this suit.

12.     Produce all electronically stored information including, but not limited to, e-mails which relate to the allegations in the complaint in any way whatsoever.

13.     Produce all social media communications which were transmitted by you on the day of the incident made the basis of this Complaint.

14.     Produce all social media communications which have been transmitted by you up to and including the time you are responding to these Requests for Production regarding any topic related to the incident made the basis of this Complaint.

15.     Produce any mobile phone records you have from any mobile phone you had in your possession on the day of the incident made the basis of this Complaint.

16.     Produce any text messages complete with the time and date received or sent by you from any mobile phone within one (1) hour before, during or one (1) hour after the incident made the basis of this Complaint.

17.     Produce any text messages complete with time and date received or sent by you from any mobile phone you have in your possession relating to the incident made the basis of this Complaint.

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

9

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile


OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830


**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:**

**Teresa Spear Atzbach**
**530 Union Camp Road**
**Notasulga, AL 36866**

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez**
**108 Main Street**
**Hancock, MD 21750**

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive Away, Inc.**
**7270 West 162nd Street**
**Stilwell, KS 66085**

10

DOCUMENT 4



ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

**AL JEROME ANDRY,**                          *
                                              *
    **Plaintiff,**                           *
                                              *
**v.**                                        *
                                              *    **CASE NO.: CV-2019-_____**
**TERESA SPEAR ATZBACH, ANDRES**              *
**SUAREZ AND J & J DRIVE-AWAY,**              *    **TO BE SERVED**
**INC., Fictitious Defendants A – Z, the**    *    **WITH COMPLAINT**
**person, firm, corporation and/or entity**   *
**who was driving the vehicle on behalf of**  *
**Teresa Spear Atzbach, Andres Suarez**       *
**and J & J Drive-Away, Inc., at the time**   *
**and place of the wreck made the basis of**  *
**the suit; Fictitious Defendants A – Z the** *
**person, firm, corporation and or entity**   *
**who was the owner, operator or**            *
**controller of the vehicle driven by Teresa**  *
**Spear Atzbach, Andres Suarez and J &**      *
**J Drive-Away, Inc. and/or who employed**    *
**Teresa Spear Atzbach, Andres Suarez**       *
**and J & J Drive-Away, Inc. at the time**    *
**and place of the wreck made the basis of**  *
**this suit, and who had such vehicle under** *
**their control and entrusted the operation** *
**of said vehicle to Teresa Spear Atzbach,**  *
**Andres Suarez and J & J Drive-Away,**       *
**Inc.; Fictitious Defendants A – Z, the**    *
**person, firm, corporation and/or entity**   *
**whose negligence and/or wantonness**        *
**contributed in any way to the wreck**       *
**made the basis of this suit;**              *
                                              *
    **Defendants.**                          *

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES**</u>
<u>**AND REQUEST FOR PRODUCTION TO THE DEFENDANT,**</u>
<u>**ANDRES SUAREZ**</u>

COMES NOW, Plaintiff, Al Jerome Andry, in the above-styled cause, and pursuant to the

Rules of Civil Procedure, propounds the following Interrogatories and Request for Production to

the Defendant, Andres Suarez, to be answered and responded to within the time prescribed by law:

11

You are reminded that under the provisions of Rule 26(e) you are under a duty to seasonally supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon which the basis of which (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff with fifteen (15) days after receipt of such information.

## DEFINITIONS

Unless otherwise indicated the following definitions shall be applicable to these Interrogatories:

"You" and "your" shall mean the Defendant and each of his employees, agents, or representatives, and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed, electronic mail, or graphic matter of any kind or description, however produced or reproduced.

"Identify" and "identification," when used with reference to a person, shall mean to state the full name and present or last known address of said person.

12

"Identify" and "identification," when used with reference to a document, shall mean to state its date, author or signor, addressee, type of document and all other means of identifying it, and its present or last known location or custodian. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## INTERROGATORIES

1.    Please state your full legal name, age, social security number, home address, employer, employer's telephone number and employer's address.

2.    Describe completely and in detail the vehicle being operated by you at the time of the wreck made the basis of this suit, including the make, model, year, vin number, odometer reading and body style of the same.

3.    Please state the full legal name, telephone number, and address of the owner of the vehicle which you were operating at the time of the wreck made the basis of this suit.

4.    State in detail your understanding of how the wreck referred to in the Plaintiff's complaint occurred, including a full listing of events or actions that occurred just prior to, during, and immediately after the wreck.

5.    State the purpose of the trip you were making at the time of the wreck made the basis of this suit, including from where you had departed and where you were going.

6.    Have any photographs or films been taken of the scene of the wreck and/or the vehicle you were operating, the Plaintiff's vehicle and/or the parties involved in said wreck? If so, please attach hereto color copies of said photographs to your answers to these interrogatories.

7. Please state the name, last known address and telephone number of each person known to you who was an eyewitness to the wreck made the basis of this suit, or any person who has any first-hand knowledge of the facts and circumstances of the wreck.

8. Please identify your liability insurance coverage which was in force, if any, at the time of the wreck made the basis of this suit. If you had any excess liability coverage and/or umbrella liability coverage, please identify that policy, including in your answer the names and addresses of any and all insurance companies which furnished you with liability insurance coverage, the policy number and the limits of each such policy.

9. Do you contend that the act or acts of any party other than you in any way caused and/or contributed to the wreck made the basis of this suit? If so, please state the full name and last known address of such other party and describe in detail the act or acts of such other party which you contend caused and/or contributed to the wreck made the basis of this suit.

10. Please describe completely in detail all of your activities for the twenty-four (24) hour period immediately preceding the wreck made the basis of this suit, including but not limited to, where you were, what you were doing, and the name(s), telephone number(s), and address(es) of anyone accompanying you or who was in your presence.

11. Did you consume or take any narcotic, prescription medication or alcoholic beverages during the twenty-four (24) hour period immediately preceding the wreck made the basis of this suit? If so, please state:

    a. The date and time of consumption;

    b. The name, if any, and specific address of the place where the beverages, narcotics or prescription medications were purchased;

14

c.  The name or type, dosage or size of the narcotics, beverages or prescription medications that were taken or consumed.

12.  Did you have a current valid driver's license at the time of the wreck made the basis of this suit? If so, please state any and all restrictions on your driver's license both now and at the time of the wreck made the basis of this suit. If not, please state completely and in detail the reason why you did not have a current, valid driver's license.

13.  Have you been involved in any other automobile wrecks during the five years preceding the wreck made the basis of this suit? If so, please state the date, place and parties involved in each such wreck and whether you or your insurance company paid any damages as a result of any such wreck.

14.  Please list all moving traffic violations you have been charged with during the five year period preceding the wreck made the basis of this suit.

15.  Please state whether you have been arrested and/or convicted of any offense other than traffic violations. If your answer is affirmative, identify each such offense and the date of the offense.

16.  Has your automobile insurance ever been canceled? If so, please give the name and address of the insurance company and full and complete details of any such cancellation.

17.  Please state whether any blood test were taken of you during the twenty-four (24) hour period immediately preceding and/or following the wreck made the basis of this suit. If so, please state:

a.  The date and time of each test;

b.  The name, telephone number, and specific address of the place or places where the test were administered;

15

     c.  The name, telephone number, and address of the person requesting such test and the reason therefore;

     d.  The results of any such test.

18.    State your complete employment history, including for each place of employment, your beginning and ending employment dates, your job title, job duties, supervisor's name, hourly rate of pay, and reason for leaving.

19.    Please state whether or not your wear corrective lenses. If your answer is affirmative, state whether they are eyeglasses or contact lenses, state the strength of the prescription, state the name of the medical provider who prescribed such lenses to you, and state the last date on which such prescription was filled.

20.    If your answer to interrogatory number 19 is affirmative, state the names, telephone numbers, and addresses of each and every ophthalmologist, optometrist, or other vision specialist or corrective lens provider you have visited or been examined by for the past 15 years.

21.    State whether or not you use a cellular telephone and if your answer is affirmative, state the owner of cellular telephone, the name of the telephone company who provides the service to you and the cellular telephone number.

22.    State the approximate date on which you first obtained a motor vehicle driver's license. Please state further any and all restrictions on your driver's license both now and at the time or the wreck made the basis of this suit.

23.    List the name, style, case number, jurisdiction and date of filing for every lawsuit, other than this present one, in which you have been a party, Plaintiff or Defendant.

16

24.     State whether or not you have ever had your driver's license suspended or revoked. If your answer is affirmative, state the dates of such suspension or revocation and the reason for such suspension or revocation.

25.     At the time of the wreck which made the basis for this suit, was the vehicle you were driving being used as an employment vehicle.

26.     State whether or not you have had any hearing or vision screening tests performed during the past five years. If your answer is affirmative, state the name, telephone number, and address of the medical provider's office at which such screening was performed. Also list the dates for each such hearing or vision screening test.

27.     Identify each person whom you expect to call as an expert witness at the trial of this case; state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; the summary of the grounds for each such opinion and the qualifications of each such expert(s).

## REQUEST FOR PRODUCTION TO ANDRES SUAREZ

1.     Produce a front and back copy of your current driver's license.

2.     Produce a front and back copy of the driver's license being used at the time of the wreck if different from the one requested in Request for Production question 1.

3.     Produce a copy of the tag receipt and motor vehicle title for the vehicle operated by the Defendant at the time of the collision.

4.     Produce a copy of any and all photographs, video tapes, charts or diagrams of the collision scene which have been taken or made by any employee, person or organization which you have in your custody or control or which can be obtained by you; further produce any and all

photographs, video tapes, charts or diagrams that you indent to introduce into evidence at the trial of this case.

    5.    Produce a copy of any and all photographs, video tapes, charts or diagrams of any of the vehicles involved in the collision which have been taken or made by any employee, person or organization which you have in your custody or control or which can be obtained by you; further produce any and all photographs, video tapes, charts or diagrams that you indent to introduce into evidence at the trial of this case.

    6.    Produce a copy of any documents and/or repair estimates, invoices or work orders concerning property damage sustained by the vehicle operated by the Defendant.

    7.    Produce copy of any maintenance records, receipts and/or invoices for the three year period prior to the collision on the vehicle operated by the Defendant at the time of the collision.

    8.    Produce a certified copy of your policy of liability insurance in effect at the time of the wreck made the basis of this lawsuit, including the declaration page.

    9.    Produce a copy of any and all statements (recorded and/or written), whether or not signed by the person making said statements, from any person having or claiming to have knowledge or information regarding the wreck which made the basis of this suit.

        a.    Produce for inspection the original and/or copies of any tapes, videotapes, CDs, regarding any and all statements made by the Plaintiff, Defendant, and/or witnesses regarding the wreck.

    10.    Produce a copy of all documents received by the Defendant pursuant to each and every Non-Party Subpoena issued at the request of the Defendant.

11.    Produce any and all Federal and State Income Tax Returns, W-2 Forms, and any other supporting documents for the year of the wreck and four years prior to the wreck which made the basis for this suit.

12.    Produce all electronically stored information including, but not limited to, e-mails which relate to the allegations in the complaint in any way whatsoever.

13.    Produce all social media communications which were transmitted by you on the day of the incident made the basis of this Complaint.

14.    Produce all social media communications which have been transmitted by you up to and including the time you are responding to these Requests for Production regarding any topic related to the incident made the basis of this Complaint.

15.    Produce any mobile phone records you have from any mobile phone you had in your possession on the day of the incident made the basis of this Complaint.

16.    Produce any text messages complete with the time and date received or sent by you from any mobile phone within one (1) hour before, during or one (1) hour after the incident made the basis of this Complaint.

17.    Produce any text messages complete with time and date received or sent by you from any mobile phone you have in your possession relating to the incident made the basis of this Complaint.

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

19

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile


OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830


**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:**

**Teresa Spear Atzbach**
**530 Union Camp Road**
**Notasulga, AL 36866**

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez**
**108 Main Street**
**Hancock, MD 21750**

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive Away, Inc.**
**7270 West 162nd Street**
**Stilwell, KS 66085**

DOCUMENT 5

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| **AL JEROME ANDRY,** | * |
| | * |
|    **Plaintiff,** | * |
| **v.** | * |
| | *   **CASE NO.: CV-2019-_____** |
| **TERESA  SPEAR ATZBACH, ANDRES** | * |
| **SUAREZ AND J & J DRIVE-AWAY,** | *   **TO BE SERVED** |
| **INC., Fictitious Defendants A – Z, the** | *   **WITH COMPLAINT** |
| **person, firm, corporation and/or entity** | * |
| **who was driving the vehicle on behalf of** | * |
| **Teresa  Spear Atzbach, Andres Suarez** | * |
| **and J & J Drive-Away, Inc., at the time** | * |
| **and place of the wreck made the basis of** | * |
| **the suit; Fictitious Defendants A – Z the** | * |
| **person, firm, corporation and or entity** | * |
| **who was the owner, operator or** | * |
| **controller of the vehicle driven by Teresa** | * |
| **Spear Atzbach, Andres Suarez and J &** | * |
| **Drive-Away, Inc. and/or who employed** | * |
| **Teresa  Spear Atzbach, Andres Suarez** | * |
| **and J & J Drive-Away, Inc. at the time** | * |
| **and place of the wreck made the basis of** | * |
| **this suit, and who had such vehicle under** | * |
| **their control and entrusted the operation** | * |
| **of said vehicle to Teresa  Spear Atzbach,** | * |
| **Andres Suarez and J & J Drive-Away,** | * |
| **Inc.; Fictitious Defendants A – Z, the** | * |
| **person, firm, corporation and/or entity** | * |
| **whose negligence and/or wantonness** | * |
| **contributed in any way to the wreck** | * |
| **made the basis of this suit;** | * |
| | * |
|   **Defendants.** | * |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO THE DEFENDANT, J & J DRIVE-AWAY, INC.

COME NOW the Plaintiff, Al Jerome Andry, in the above referenced case, pursuant to the

Rules of Civil Procedure, and propounds the following interrogatories to the Defendant, J & J

Drive-Away, Inc.

21

## INSTRUCTIONS & DEFINITIONS

You are reminded that pursuant to the Rules of Civil Procedure you are under a duty to seasonably supplement your responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify and the substance of their testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made, is no long true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

"You" and "your" shall mean J. & J Drive-Away, Inc and each of his agents or representatives, and all other persons acting on his behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, government or legal entity.

"Identify", when used with reference to a document, shall mean to state its date, author or signor, addressee, type of document and all other means of identifying it, and its present or last known location or custodian. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Identify", when used with reference to a person, shall mean to state his or her full name, current or last address and telephone number and his or her last known work or business address and phone number.

22

"Document" shall mean any originals, copies and/or all of written, recorded, or transcribed materials of any kind or description, including but not limited to correspondence, notes, memos, e-mails, text messages, reports, statements, diaries, journals, transcripts, pamphlets, articles, questionnaires, drawings, sketches, diagrams, charts, telephone records, books, workbooks, invoices and bills, however produced and maintained. References to documents specifically include materials maintained in paper copy and materials stored electronically on computer networks, hard drives, disks or otherwise.

## **INTERROGATORIES**

1.     Please state the name, address, occupation and title of all person(s) involved and assisting you in answering these interrogatories.

2.     Please state the name, address, occupation and title of all person(s) involved and assisting you in answering these interrogatories.

3.     Name and identify, by giving a current or last known address and telephone number, each person known to you or your attorneys who was a witness to or has any knowledge regarding the incident made the basis of this lawsuit.

4.     Has any investigation or inquiry relating to the incident made the basis of this lawsuit been conducted by you or any agents, representatives, insurance adjusters or other individuals acting on your behalf? If so:

      a. state the name(s), address(es) and job titles of any and all individuals who participated in this investigation or inquiry;

      b. state the date or dates on which the investigation or inquiry was conducted;

23

    c.  list and describe all reports or other documentation, including photos and/or videos, created as a result of the investigation or inquiry and state the name(s), address(es) and job titles of the individual(s) who prepared the reports or other documentation.

5.      Have any agents, representatives, insurance adjusters or other individuals acting on your behalf any statements from the Plaintiffs, the Plaintiffs' family members or any other persons who have any knowledge regarding the incident made the basis of this lawsuit, specifically including but not limited to other persons involved in the incident and/or witnesses present at the scene? If so, please state:

    a.  the name, address and telephone number of each individual from whom a statement was taken;

    b.  the date on which each statement was taken;

    c.  the name of the individual(s) who took each statement;

    d.  whether the statement was written or oral;

    e.  whether there is any permanent recording of each statement and the identity of the person(s) having possession and/or control of each statement.

**NOTE – THIS IS NOT A REQUEST FOR COPIES OF ANY STATEMENTS.**

6.      Have any agents, representatives, insurance adjusters or other individuals acting on your behalf had any discussions or meetings regarding the subject incident with the Plaintiffs, the Plaintiffs' family members or any other persons who have any knowledge regarding the subject incident, specifically including but not limited to other persons involved in the incident and/or witnesses present at the scene. If so, for <u>each discussion and/or meeting</u>, please state:

    a.  the date of the discussion or meeting;

    b.  the name(s), address(es) and telephone number(s) of each individual who participated in or was present during the discussion and/or meeting;

    c.  whether or not an audio recording was made of the discussion and/or meeting and, if so, the identity of the person(s) having possession and/or control of such recording;

    d.  whether or not any notes, memorandum, reports, transcripts or other written documentation exists regarding the discussion and/or meeting and, if so, the identity of the person(s) having possession and/or control of such documentation.

7.  State whether, at the time of the incident made the basis of this lawsuit, Defendant, Andres Suarez, was working within the line and scope of his employment with J & J Drive-Away, Inc and/or any other entity.

8.  State the name(s), address(es) and telephone number(s) of the following:

    a.  the persons, firms or entities who owned the subject vehicle;

    b.  the persons, firms or entities responsible for the maintenance, repairs and overall safe and proper working condition of the Subject vehicle;

    c.  all persons, firms or entities who performed any and all maintenance and/or repairs of the subject vehicle at any time.

9.  State the name and address of any liability insurance carrier, both primary and excess, which may be liable to satisfy part or all of any judgment which may be entered against you this action. For all policies issued by each insurance carrier, please state the policy number, coverage limits and effective dates for each insurance policy.

10.  Name and identify, by giving the address and telephone number, each and every person who has knowledge relevant to:

    a.  each of the defenses asserted by you in your answer(s) to Plaintiffs' complaint(s);

    b.  the defenses which you may present at trial.

11.      Name and identify each person whom you expect to call as an expert witness at the trial of this case and for each such expert:

    a.  state the subject matter on which each expert is expected to testify;

    b.  state the substance of the facts and opinions to which each expert is expected to testify;

    c.  give a summary of the grounds for each opinion held by each expert.

### REQUEST FOR PRODUCTION TO J & J DRIVE-AWAY, INC

COMES NOW THE PLAINTIFF in the above referenced case, pursuant to the Rules of Civil Procedure, and propounds the following Request for Production of Documents to the Defendant, J & J Drive-Away, Inc:

1.      Your complete investigative file relating to the wreck made the basis of this lawsuit, including any investigation conducted by any third party on your behalf.

2.      Any and all photographs that relate to the scene of the wreck, the vehicles involved in the wreck, or which relate in any way to the wreck made the basis of this lawsuit.

3.      Any and all documents of any type whatsoever that relate in any way to the driving record of the Defendant, Andres Suarez.

4.      Production is requested of any and all files kept on Defendant Andres Suarez which indicate or show Andres Suarez's qualifications to operate this Defendant's vehicle involved in the wreck made the basis of this suit.

5.      The "Driver's Qualification File" maintained by this Defendant on Andres Suarez along with any other documents contained therein, in their precise state of existence on the date of

the wreck. Please refer to the following sub-definitions a) through l) herein and follow them closely:

a)   Any pre-employment questionnaires or other documents secured from Andres Suarez prior to employment.

b)   Any and all completed application for employment secured by this Defendant both before and/or after the actual date of contract of employment by Andres Suarez.

c)   All medical examinations, tests and certification of medical examinations inclusive of expired and non-expired documents relative to Andres Suarez.

d)   All of driver's annual violation statements which should include one of each twelve months of contract or employment with this Defendant motor carrier in this case.

e)   All actual driver's motor carrier road tests administered to Andres Suarez.

f)   All actual driver's motor carrier written tests administered to Andres Suarez.

g)   All road and written test certificates issued by this Defendant or any other motor carrier or organization to Andres Suarez regardless of the date issued or the originator of such certificates.

h)   All past employment inquiries sent to or secured from former employers along with all responses from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by this Defendant from past employers of Andres Suarez.

i)   All inquiries to the answers received from organization in reference to driver's license record of traffic violations and wrecks directed to and/or received by this Defendant, or other organizations on behalf of this Defendant, from state or federal governmental agencies relative to Andres Suarez.

j)   Copies of all road and written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to Andres Suarez presently in their personal possession.

k)   All annual reviews, file reviews or file summaries and related documents found in the file(s) of Andres Suarez and;

l)   Any and all other contents of driver's qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

6. Please produce a copy of the drivers license of the Defendant, Andres Suarez.

7. Every motor vehicle driver's license issued to driver by any governmental entity in the possession of Andres Suarez or this Defendant on or before October 16, 2018, regardless of date issued and past or present condition of driver's license status.

8. Any state or OMC issued traffic citations, terminal or road equipment and/or driver compliance inspections or warnings issued to Andres Suarez by any city, county, state or federal agency or law enforcement official in the possession of this Defendant regardless of the date of origin.

9. Any and all personnel files, employment files, employment evaluation, or other employer/employee files that relate to the Defendant, Andres Suarez.

10. Any and all documents that relate to the truck involved in the wreck made the basis of this lawsuit.

11. Any and all rules, regulations, policies and procedures, policy and procedure manuals, or other documents of any type whatsoever that relate to your rules and policies and procedures for determining the competency of your employees to operate motor vehicles before said employees are allowed to operate motor vehicles on your behalf.

12. All employee manuals, safety and training manuals, training videotapes and/or all other written, photographic and illustrative documents relating to the safe operation of vehicles being driven by your employees, owner-operators and/or lessees.

13. Any and all rules, regulations, policies and procedures, policy and procedure manuals, or other documents of any type whatsoever that relate to your rules and policies and procedures for determining the competency of your drivers to operate motor vehicles before said drivers are allowed to operate motor vehicles owned by you.

28

14.     Any and all contracts of insurance with coverage amounts and limits, contracts of indemnity, third party indemnity agreements, which in any way provide insurance coverage or indemnification to you, for the events made the basis of this lawsuit-- this request shall include any umbrella or excess coverage policies.

15.     All trips and/or operational documents pertaining to the movement of cargo by driver from inception date of trip through the delivery date and time of the cargo he may have been transporting at the time of the wreck.  Please refer to the following sub-definitions a) through q) and follow them closely grouping all documents produced by each trip occurring during the time period requested.

a)      Driver's trip reports and/or trip envelopes, daily loads delivered/picked up or work reports, work schedule, reports, fuel purchased reports, or any reports made by driver, inclusive of daily, weekly or monthly cargo transported, time and/or distance reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status".

b)      Receipts for any trip expenses or purchases made by driver during a trip regardless of type of purchase, such as fuel, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, or other receipts regardless of the type of objects or services purchased.

c)      Cargo pickup or delivery orders prepared by the Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

d)      All written request, letters, instructions, or orders for transportation of cargo prepared by Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

e)      All bills of loading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers or cargo or any of Defendant. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of driver.

DOCUMENT 5

f)      All equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates and times or delays and/or detention of equipment relative to the operations of driver.

g)      All cargo freight bills, Pro's or otherwise described similar documents inclusive of all signed or undersigned cargo pickup and delivery copies that indicate date and/or time of pickup or delivery of cargo by driver.

h)      All written instructions, orders or advice given to Andres Suarez in reference to cargo transported, routes to travel, location to purchase fuel, cargo pickup or delivery times issued by Defendant, shippers, receivers, or any other persons or organizations.

i)      Dispatch and/or operation records indicating assignment of equipment and drivers to specific pickup, transportation and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the movement or activities of driver.

j)      Any driver call-in records or otherwise described written records indicating communications between Defendant and driver.

k)      All accounting records, merchandise purchased, transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by driver.

l)      All initial or rough driver's trip check-in or financial settlement sheets along with all final trip accounting documents and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to driver in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to driver regardless of purpose of payment or period of time payment was made.

m)      Any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source, or generated for or by Defendant showing date, time and location of fuel or other purchases by driver on the trips requested herein.

n)      Readable copies of all checks or otherwise described negotiable instruments issued to driver or his co-driver(s) given in payment as trip advance, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator services in the possession of this Defendant. Specifically copies of both the "front and back" of each check and/or comchek issued to driver is requested.

o) Any and all state special fuel or oversize permits and any related documents or requests issued to or by any state agency or transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment of the permit(s) issued by any governmental agency is specifically requested that relate to the movement of driver.

p) Any and all other "operational or trip related documents" created or received by this Defendant or any other persons or organizations, regardless of form or description and not defined herein, in the possession of this Defendant and relative of the operations, activities, movements and trips accomplished by driver.

16. Any and all drawings, maps, sketches and/or videotapes of the scene of the wreck made the basis of this lawsuit.

17. Any and all documents created for internal and external office use at this Defendant regarding this collision.

18. Any and all documents, measurements, or other memoranda prepared by or for Defendant of the scene of the collision, as described in the complaint filed herein.

19. All photographs, videos, movies, slides, etc. of the collision scene herein, and any of the vehicles involved in the collision taken by or on behalf of this Defendant. The materials produced pursuant to this request should include but not be limited to all photographs, video tapes, etc. taken by this Defendant on or after October 16, 2018.

20. Copies of any witness statements that are relevant to the collision in question that are not privileged by law.

21. Please produce copies of any Court records, police reports, incident reports or arrest records regarding the incident made the basis of this lawsuit.

22. All objects, photographs, drawings, reports, statements or otherwise described documents in the possession of the Defendant in reference to the wreck as defined herein.

23. All wreck files and records in reference to the wreck in the possession of this Defendant maintained or generated in accordance with FMCSR Part 394 as defined herein. This

31

includes, but is not limited to, any reports, correspondence, or any otherwise described documents

sent to or received from the Federal office of Motor Carrier Safety Field Operations, reports made

to other persons or organizations and any report made by driver or driver trainers, to this Defendant

in reference to this wreck. This request also specifically includes any, and all otherwise described

documents relative to this wreck found in the file required to be maintained by this Defendant in

accordance with the FMCSR Part 394, Wreck Reporting and Recording.

     24.    All other wreck or incident files and records maintained by this Defendant in

reference to any other vehicular wreck, or incident, prior to the occurrence of this wreck in

question, where Andres Suarez, was the driver of a vehicle involved in the prior wrecks or

incidents.

     25.    All driver's records of duty status or driver's daily logs and 70/60-hour summaries

created by Andres Suarez beginning six months prior to and including October 16, 2018, in

accordance with FMC5R Part 395.

     26.    The titles of the truck and equipment involved in this wreck in their precise state

of existence on October 16, 2018.

     27.    A copy of any contract of employment that would govern any relationship with any

other party or bear on the issue or scope of employment.

     28.    All documents pertaining to or reflecting upon in any manner the relationship

between or among this Defendant and any other Defendant to this lawsuit at any time at any time

during the existence of this Defendant.

     29.    Any and all agreements, contracts or written arrangements in effect on the date of

the wreck between this Defendant and any other Defendant including, but not limited to, any

contracts to perform transportation services on behalf of this Defendant by driver, Defendant or

other persons relative to driver's operations in the possession of this Defendant. This specifically includes any owner/operator, sale or leasing of truck(s), documents between this Defendant and Andres Suarez or other persons in reference to the equipment operated by or services performed by Andres Suarez.

30.     Any contracts, purchases, loans, leases, maintenance, rentals or payment contracts or agreements, involving the truck and equipment in said truck in effect on the date of the wreck in the possession of this Defendant.

31.     All written materials, company manuals, company issued rules and regulations, directives, notices or posted notices in effect on the date the wreck occurred created or utilized by Defendant in controlling or directing its drivers' operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the Federal Motor Carrier Safety regulations and any Defendant Motor Carrier Fleet Vehicular Safety program materials in place and effective on the date this wreck occurred.

32.     Any and all Defendant officers, executives or administrator's notices, directives, bulletins or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by this Defendant's company personnel, managers, supervisors, dispatchers, drivers, and/or lessees.

33.     The insurance forms (MCS-82 or 90) required to be in the possession of this Defendant in accordance with the requirements of FMCSR Part 387.7(d).

34.     Any and all documents of any type whatsoever, including, but not being limited to, manuals, policies and procedures, rules and regulations, or company guidelines that relate to your policies and procedures for verifying the competency of a driver to obtain a company vehicle. This

33

request for production is designed to obtain information relating to your verification of the competency of any driver who you allow said driver to take one of your vehicles.

35.     Any and all documents of any type whatsoever which relate to your policies and procedures as to the written paperwork and other forms that should be filled out, explained to a driver, and executed, prior to being allowed to take one of your vehicles. This request is inclusive and is designed to cover items such as competency of the potential driver, use of vehicle information, and pertinent insurance requirements and information.

36.     Any and all documents of any type whatsoever, including, but not being limited to, manuals, policies and procedures, rules and regulations, or company guidelines that relate to any special policies and procedures that your company has for issuing a truck to an employee/driver.

37.     All promotional or advertising fibers, brochures, booklets, and/or documents of any type pertaining to this Defendant during its existence.

38.     All documents of any type as to claims asserted against this Defendant during the period of his first day of employment, up to and including 10/16/2018, as a result of vehicles owned by this Defendant and being involved in wrecks or collisions of any type regardless of whether a lawsuit was filed and/or liability was denied by the Defendant.

39.     All documents of any type as to all lawsuits filed against this Defendant during the period of his first day of employment, up to and including October 16, 2018, as a result of vehicles owned by this Defendant being involved in wrecks or collisions of any type regardless of whether a lawsuit was filed and/or liability was denied by the Defendant.

40.     Produce all electronically stored information including, but not limited to, e-mails which relate to the allegations in the complaint in any way whatsoever.

41.     Produce all social media communications which were transmitted by you on the day of the incident made the basis of this Complaint.

42.     Produce all social media communications which have been transmitted by you up to and including the time you are responding to these Requests for Production regarding any topic related to the incident made the basis of this Complaint.

43.     Produce any mobile phone records you have from any mobile phone you had in your possession on the day of the incident made the basis of this Complaint.

44.     Produce any text messages complete with the time and date received or sent by you from any mobile phone within one (1) hour before, during or one (1) hour after the incident made the basis of this Complaint.

45.     Produce any text messages complete with time and date received or sent by you from any mobile phone you have in your possession relating to the incident made the basis of this Complaint.

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile

DOCUMENT 5

OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830

**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:**

**Teresa Spear Atzbach
530 Union Camp Road
Notasulga, AL 36866**

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez
108 Main Street
Hancock, MD 21750**

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive Away, Inc.
7270 West 162nd Street
Stilwell, KS 66085**

36

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

**AL JEROME ANDRY,**

      **Plaintiff,**

**v.**

      **CASE NO.: CV-2019-_____**

**TERESA SPEAR ATZBACH, ANDRES**
**SUAREZ AND J & J DRIVE-AWAY,**
**INC., Fictitious Defendants A – Z, the**
**person, firm, corporation and/or entity**
**who was driving the vehicle on behalf of**
**Teresa Spear Atzbach, Andres Suarez**
**and J & J Drive-Away, Inc., at the time**
**and place of the wreck made the basis of**
**the suit; Fictitious Defendants A – Z the**
**person, firm, corporation and or entity**
**who was the owner, operator or**
**controller of the vehicle driven by Teresa**
**Spear Atzbach, Andres Suarez and J & J**
**Drive-Away, Inc. and/or who employed**
**Teresa Spear Atzbach, Andres Suarez**
**and J & J Drive-Away, Inc. at the time**
**and place of the wreck made the basis of**
**this suit, and who had such vehicle under**
**their control and entrusted the operation**
**of said vehicle to Teresa Spear Atzbach,**
**Andres Suarez and J & J Drive-Away,**
**Inc.; Fictitious Defendants A – Z, the**
**person, firm, corporation and/or entity**
**whose negligence and/or wantonness**
**contributed in any way to the wreck**
**made the basis of this suit;**

      **Defendants.**

**TO BE SERVED**
**WITH COMPLAINT**

## NOTICE OF DEPOSITION

| | |
|---|---|
| To: | All Parties |
| Deponent: | Teresa Spear Atzbach |
| Date: | TBA |
| Time: | TBA |

Location:      Greene & Phillips Attorneys at Law, LLC. 51 North Florida Street
               Mobile, Alabama. 36607
Court
Reporter:      Mobile Bay Reporting

Please take notice that attorney for the Plaintiff will take the deposition of Teresa Spear

Atzbach at the time, date, and location indicated above, upon oral examination pursuant to the

*Rules of Civil Procedure* before an officer duly authorized to administer oaths and swear witnesses

in the State of Alabama.

This deposition is being taken for the purpose of discovery and/or preservation of testimony

for use at trial or both, or for such other purposes as are permitted by the applicable and governing

rules.  The oral examination will continue from day to day until completed and you are invited to

attend if you so desire.

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile

OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830

38

THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:

Teresa Spear Atzbach
530 Union Camp Road
Notasulga, AL  36866

THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:

Andres Suarez
108 Main Street
Hancock, MD  21750

THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:

J & J Drive Away, Inc.
7270 West 162nd Street
Stilwell, KS  66085

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

**AL JEROME ANDRY,**    *

          *

   **Plaintiff,**    *

**v.**    *

          *   **CASE NO.: CV-2019-_____**

**TERESA SPEAR ATZBACH, ANDRES**    *

**SUAREZ AND J & J DRIVE-AWAY,**    *   **TO BE SERVED**

**INC., Fictitious Defendants A – Z, the**    *   **WITH COMPLAINT**

**person, firm, corporation and/or entity**    *

**who was driving the vehicle on behalf of**    *

**Teresa Spear Atzbach, Andres Suarez**    *

**and J & J Drive-Away, Inc., at the time**    *

**and place of the wreck made the basis of**    *

**the suit; Fictitious Defendants A – Z the**    *

**person, firm, corporation and or entity**    *

**who was the owner, operator or**    *

**controller of the vehicle driven by Teresa**    *

**Spear Atzbach, Andres Suarez and J &**    *

**Drive-Away, Inc. and/or who employed**    *

**Teresa Spear Atzbach, Andres Suarez**    *

**and J & J Drive-Away, Inc. at the time**    *

**and place of the wreck made the basis of**    *

**this suit, and who had such vehicle under**    *

**their control and entrusted the operation**    *

**of said vehicle to Teresa Spear Atzbach,**    *

**Andres Suarez and J & J Drive-Away,**    *

**Inc.; Fictitious Defendants A – Z, the**    *

**person, firm, corporation and/or entity**    *

**whose negligence and/or wantonness**    *

**contributed in any way to the wreck**    *

**made the basis of this suit;**    *

          *

   **Defendants.**    *

## NOTICE OF DEPOSITION

To:    All Parties

Deponent:  Andres Suarez

Date:    TBA

Time:    TBA

Location:      Greene & Phillips Attorneys at Law, LLC. 51 North Florida Street
               Mobile, Alabama. 36607
Court
Reporter:      Mobile Bay Reporting

        Please take notice that attorney for the Plaintiff will take the deposition of Andres Suarez

at the time, date, and location indicated above, upon oral examination pursuant to the *Rules of Civil*

*Procedure* before an officer duly authorized to administer oaths and swear witnesses in the State

of Alabama.

        This deposition is being taken for the purpose of discovery and/or preservation of testimony

for use at trial or both, or for such other purposes as are permitted by the applicable and governing

rules. The oral examination will continue from day to day until completed and you are invited to

attend if you so desire.

                              /s/ WILL G. PHILLIPS
                              WILL G. PHILLIPS (PHI044)
                              J. DAVID GREENE (GRE081)
                              FRED D. GRAY, JR. (GRA044)
                              Attorneys for Plaintiff


OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile


OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830

DOCUMENT 7

THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:

Teresa Spear Atzbach
530 Union Camp Road
Notasulga, AL  36866

THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:

Andres Suarez
108 Main Street
Hancock, MD  21750

THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:

J & J Drive Away, Inc.
7270 West 162nd Street
Stilwell, KS  66085

DOCUMENT 8

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY,

    Plaintiff,

v.

TERESA SPEAR ATZBACH, ANDRES
SUAREZ AND J & J DRIVE-AWAY,
INC., Fictitious Defendants A – Z, the
person, firm, corporation and/or entity
who was driving the vehicle on behalf of
Teresa Spear Atzbach, Andres Suarez
and J & J Drive-Away, Inc., at the time
and place of the wreck made the basis of
the suit; Fictitious Defendants A – Z the
person, firm, corporation and or entity
who was the owner, operator or
controller of the vehicle driven by Teresa
Spear Atzbach, Andres Suarez and J & J
Drive-Away, Inc. and/or who employed
Teresa Spear Atzbach, Andres Suarez
and J & J Drive-Away, Inc. at the time
and place of the wreck made the basis of
this suit, and who had such vehicle under
their control and entrusted the operation
of said vehicle to Teresa Spear Atzbach,
Andres Suarez and J & J Drive-Away,
Inc.; Fictitious Defendants A – Z, the
person, firm, corporation and/or entity
whose negligence and/or wantonness
contributed in any way to the wreck
made the basis of this suit;

    Defendants.

CASE NO.: CV-2019-_____

TO BE SERVED
WITH COMPLAINT

## NOTICE OF DEPOSITION

To:    All Parties

Deponent:    Representative of J & J Drive-Away, Inc.

Date:    TBA

Time:    TBA

Location:      Greene & Phillips Attorneys at Law, LLC. 51 North Florida Street
               Mobile, Alabama. 36607
Court
Reporter:      Mobile Bay Reporting

Please take notice that attorney for the Plaintiff will take the deposition of the

Representative of J & J Drive-Away, Inc. at the time, date, and location indicated above, upon oral

examination pursuant to the *Rules of Civil Procedure* before an officer duly authorized to

administer oaths and swear witnesses in the State of Alabama.

This deposition is being taken for the purpose of discovery and/or preservation of testimony

for use at trial or both, or for such other purposes as are permitted by the applicable and governing

rules. The oral examination will continue from day to day until completed and you are invited to

attend if you so desire.

<u>/s/ WILL G. PHILLIPS</u>
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile

**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL
SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS
FOLLOWS:**

**Teresa Spear Atzbach
530 Union Camp Road
Notasulga, AL 36866**

44

DOCUMENT 8

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez**
**108 Main Street**
**Hancock, MD 21750**

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive Away, Inc.**
**7270 West 162nd Street**
**Stilwell, KS 66085**

45



**AlaFile E-Notice**

46-CV-2019-900009.00

To: WILL GRIMES PHILLIPS MR.
wgphillips@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following complaint was FILED on 1/18/2019 4:37:20 PM

Notice Date:     1/18/2019 4:37:20 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  ANDRES SUAREZ
     108 MAIN STREET
     HANCOCK, MD, 21750

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following complaint was FILED on 1/18/2019 4:37:20 PM

Notice Date:     1/18/2019 4:37:20 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:   J & J DRIVE-AWAY, INC.
7270 WEST 162ND STREET
STILLWELL, KS, 66085

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following complaint was FILED on 1/18/2019 4:37:20 PM

Notice Date:      1/18/2019 4:37:20 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  TERESA SPEAR ATZBACH
530 UNION CAMP ROAD
NOTASULGA, AL, 36866

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following complaint was FILED on 1/18/2019 4:37:20 PM

Notice Date:      1/18/2019 4:37:20 PM

Service by sheriff in 46 - MACON County

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>46-CV-2019-900009.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**
**AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL**

**NOTICE TO:** ANDRES SUAREZ, 108 MAIN STREET, HANCOCK, MD 21750

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILL GRIMES PHILLIPS MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 51 N. FLORIDA STREET, MOBILE, AL 36607

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                          *[Name(s)]*

| 1/18/2019 4:37:20 PM | /s/ DAVID LOVE, JR. | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.   _____

*(Plaintiff's/Attorney's Signature)*

---

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.

*(Date)*

_____    _____

*(Address of Server)*

_____    _____

*(Type of Process Server)*    *(Server's Signature)*    _____

_____    *(Phone Number of Server)*

*(Server's Printed Name)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>46-CV-2019-900009.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
### AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL

**NOTICE TO:** J & J DRIVE-AWAY, INC., 7270 WEST 162ND STREET, STILLWELL, KS 66085

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILL GRIMES PHILLIPS MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 51 N. FLORIDA STREET, MOBILE, AL 36607

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure. *(Name(s))*

| 1/18/2019 4:37:20 PM | /s/ DAVID LOVE, JR. | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____

*(Date)*

_____   _____

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____   _____

*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>46-CV-2019-900009.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
## AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL

**NOTICE TO:** TERESA SPEAR ATZBACH, 530 UNION CAMP ROAD, NOTASULGA, AL 36866

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILL GRIMES PHILLIPS MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 51 N. FLORIDA STREET, MOBILE, AL 36607

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____ pursuant to the Alabama Rules of the Civil Procedure. *(Name(s))*

| 1/18/2019 4:37:20 PM | /s/ DAVID LOVE, JR. | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)* *(Name of County)*

Alabama on _____

*(Date)*

_____ _____

*(Type of Process Server)* *(Server's Signature)* *(Address of Server)*

_____

*(Server's Printed Name)* *(Phone Number of Server)*

DOCUMENT 11
ELECTRONICALLY FILED
2/4/2019 7:52 AM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | C<br>46-CV-2019-900009.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
## AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL

**NOTICE TO:** ANDRES SUAREZ, 108 MAIN STREET, HANCOCK, MD 21750

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILL GRIMES PHILLIPS MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 51 N. FLORIDA STREET, MOBILE, AL 36607

*(Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                    *[Name(s)]*

| 1/18/2019 4:37:20 PM | /s/ DAVID LOVE, JR. | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☒ I certify that I personally delivered a copy of this Summons and Complaint or other document to MeNNDA SUAREZ (SUBJECTS WIFE) in WASHINGTON County,

*(Name of Person Served)*          *(Name of County)*

Alabama on 1 23 19
MARYLAND

*(Date)*

DEPUTY FIRST CLASS          M. Vallill          2 Summit AVE

*(Type of Process Server)*     *(Server's Signature)*      *(Address of Server)*

D.F.C. M. GLADHILL          HAGERSTOWN, MD 21740

*(Server's Printed Name)*      240-313-2530

*(Phone Number of Server)*

### 46-CV-2019-900009.00
### AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL

| C001 - AL JEROME ANDRY | v. | D002 - ANDRES SUAREZ |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**



**AlaFile E-Notice**

46-CV-2019-900009.00

To: WILL GRIMES PHILLIPS MR.
wgphillips@greenephillips.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/4/2019 7:52:33 AM

Notice Date:     2/4/2019 7:52:33 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  ATZBACH TERESA SPEAR (PRO SE)
530 UNION CAMP ROAD
NOTASULGA, AL, 36866-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/4/2019 7:52:33 AM

Notice Date:     2/4/2019 7:52:33 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  SUAREZ ANDRES (PRO SE)
108 MAIN STREET
HANCOCK, MD, 21750-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/4/2019 7:52:33 AM

Notice Date:     2/4/2019 7:52:33 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  J & J DRIVE-AWAY, INC. (PRO SE)
7270 WEST 162ND STREET
STILLWELL, KS, 66085-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/4/2019 7:52:33 AM

Notice Date:      2/4/2019 7:52:33 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:   GREENE JAMES DAVID JR.
      jdgreene@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/4/2019 7:52:33 AM

Notice Date:     2/4/2019 7:52:33 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  GRAY FRED DAVID JR.
     fgrayjr@glsmgn.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/4/2019 7:52:33 AM

Notice Date:     2/4/2019 7:52:33 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  WILL GRIMES PHILLIPS MR.
wgphillips@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/4/2019 7:52:33 AM

Notice Date:     2/4/2019 7:52:33 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

# MACON COUNTY
# SHERIFF'S OFFICE

RE: _Teresa Atbach_

- [ ] Bad Address – No Such Address
- [x] Moved – No Forwarding Address
- [ ] House Vacant
- [ ] Send to _____ County
      May be found at _____

- [ ] Warrant recalled by issuing officer
- [ ] Diligent search made, unable to
      locate in Macon County
- [ ] No listing with Phone Company
- [ ] No listing with Power Company
- [ ] No listing with Post Office
- [ ] No information on file with
      Macon County Sheriff's Office
- [ ] No listing in 911 Directory
- [x] Not at address given
- [ ] Forwarding address

_____
_____

- [ ] Contact Attempts _2/8/19_

_Moved - per property_
_Owner_

- [ ] Remarks: _____

Deputy: _Collin_

DOCUMENT 13

*Cnut copy*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>46-CV-2019-900009.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**
**AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL**

**NOTICE TO:** TERESA SPEAR ATZBACH, 830 UNION CAMP ROAD, NOTASULGA, AL 36866

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILL GRIMES PHILLIPS MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 51 N. FLORIDA STREET, MOBILE, AL 36607

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 1/18/2019 4:37:20 PM | /s/ DAVID LOVE, JR. | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                        *(Name of County)*

Alabama on _____
*(Date)*

_____          _____
*(Address of Server)*

_____          _____
*(Type of Process Server)*    *(Server's Signature)*

_____          _____
*(Server's Printed Name)*           *(Phone Number of Server)*

**46-CV-2019-900009.00**          **RECEIVED**
AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL

| C001 - AL JEROME ANDRY | v. | D001 - TERESA SPEAR ATZBACH |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

Macon County
Sheriff's Office

**SERVICE RETURN COPY**

NC 1/30/19 Tagged. Removal NC 2/8/19



**AlaFile E-Notice**

46-CV-2019-900009.00

Judge: WIW

To:  PHILLIPS WILL GRIMES
     wgphillips@greenephillips.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following matter was not served on 2/12/2019

**D001 ATZBACH TERESA SPEAR**
**Corresponding To**
PARTY MOVED

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

Judge: WIW

To:  GREENE JAMES DAVID JR.
jdgreene@greenephillips.com

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following matter was not served on 2/12/2019

**D001 ATZBACH TERESA SPEAR**
**Corresponding To**
PARTY MOVED

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00
Judge: WIW

To: GRAY FRED DAVID JR.
fgrayjr@glsmgn.com

---

# NOTICE OF NO SERVICE

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following matter was not served on 2/12/2019

**D001 ATZBACH TERESA SPEAR**
**Corresponding To**
PARTY MOVED

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

DOCUMENT 1

ELECTRONICALLY FILED
2/13/2019 9:53 AM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>46<br><br>Date of Filing:<br>01/18/2019 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
### AL JEROME ANDRY v. TERESA SPEAR ATZBACH ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOLM - Malpractice-Legal
☐ TOMM - Malpractice-Medical
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
PHI044       1/18/2019 4:36:38 PM       /s/ WILL GRIMES PHILLIPS MR.
_____       Date       Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| **AL JEROME ANDRY,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * **CASE NO.: CV-2019-_____** |
| | * |
| **TERESA SPEAR ATZBACH, ANDRES** | * |
| **SUAREZ AND J & J DRIVE-AWAY,** | * **PLAINTIFF DEMANDS** |
| **INC., Fictitious Defendants A – Z, the** | * **TRIAL BY JURY** |
| **person, firm, corporation and or entity** | * |
| **who was driving the vehicle on behalf of** | * |
| **Andres Suarez and or J & J Drive-Away,** | * |
| **Inc., at the time and place of the wreck** | * |
| **made the basis of the suit; Fictitious** | * |
| **Defendants A – Z the person, firm,** | * |
| **corporation and or entity who was the** | * |
| **owner, operator or controller of the** | * |
| **vehicle driven by Andres Suarez and or J** | * |
| **& J Drive-Away, Inc and or who** | * |
| **employed Andres Suarez and/or J & J** | * |
| **Drive-Away, Inc. at the time and place of** | * |
| **the wreck made the basis of this suit, and** | * |
| **who had such vehicle under their control** | * |
| **and entrusted the operation of said** | * |
| **vehicle to Andres Suarez and or J & J** | * |
| **Drive-Away, Inc.; Fictitious Defendants** | * |
| **A – Z, the person, firm, corporation** | * |
| **and/or entity whose negligence and/or** | * |
| **wantonness contributed in any way to the** | * |
| **wreck made the basis of this suit;** | * |
| | * |
| **Defendants.** | * |

## COMPLAINT
## JURISDICTIONAL PREAMBLE

COMES NOW the Plaintiff, Al Jerome Andry, and in accordance with the *Rules of Civil Procedure*, files the following claim for relief against the Defendants, Teresa Spear Atzbach, Andres Suarez and J & J Drive Away, Inc. and Fictitious Defendants, A - Z, as follows:

1.   The Plaintiff, Al Jerome Andry is a resident of Mobile County, Alabama.

2.   The Defendant, Teresa Spear Atzbach is a resident of Macon County, Alabama.

3.      The Defendant, Andres Suarez is a resident of Washington County, Maryland.

4.      The Defendant, J & J Drive-Away, Inc. is a business, doing business in Johnson County, Kansas.

5.      Jurisdiction and venue of this action are proper in Macon County, Alabama.

6.      Fictitious Defendants A – Z are persons, firms, corporations and/or entities within the jurisdiction of this Court as set out in the style of this Complaint, whose true names are unknown to the Plaintiff at this time but will be substituted by amendment when discovered.

7.      The amount in controversy is within the jurisdictional limits of this Honorable Court.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

Plaintiff, Al Jerome Andry, alleges against the Defendants, Teresa Spear Atzbach and Fictitious Defendants A – Z, separately and severally as follows:

8.      The Plaintiff adopts and realleges all prior paragraphs as is fully set out herein. On or about October 16, 2018, the Plaintiff, Al Jerome Andry, was injured in a motor vehicle crash which occurred on the northbound side of Interstate 85 between Alabama Highway 81 and County Road 1132 in Macon County, Alabama. At that time and place, Defendant Teresa Spear Atzbach negligently failed to move her disabled vehicle from the right of way causing a traffic hazard which caused the Plaintiff to be struck causing serious damage and injury. The crash made the basis of this Complaint was the proximate result of the negligence of Teresa Spear Atzbach.

9.      As the proximate result of the negligence of Teresa Spear Atzbach, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to incur and

DOCUMENT 2

will incur in the future medical bills, hospital bills, and other medical expenses; the Plaintiff lost wages and will incur lost wages in the future; the Plaintiff lost the use and value of his vehicle and trailer.

WHEREFORE, the Plaintiff, Al Jerome Andry, demands judgment against the Defendant, Teresa Spear Atzbach and/or Fictitious Defendants A - Z for compensatory damages, and such other damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interests and costs.

## SECOND CAUSE OF ACTION
## WANTONNESS

Plaintiff, Al Jerome Andry, alleges against the Defendant, Teresa Spear Atzbach, and Fictitious Defendants A – Z, separately and severally as follows:

10.     The Plaintiff adopts and realleges all prior paragraphs as if fully set out herein. On or about October 16, 2018, the Plaintiff was injured in a motor vehicle wreck which occurred on the northbound side of Interstate 85 between Alabama Highway 81 and County Road 1132 in Macon County, Alabama. At that time and place, Defendant, Teresa Spear Atzbach, wantonly failed to move her disabled vehicle from the right of way causing a traffic hazard which caused the Plaintiff to be struck causing serious damage and injury. The crash made the basis of this Complaint was the proximate result of the negligence of Teresa Spear Atzbach.

11.     As the proximate result of the wantonness of Teresa Spear Atzbach, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to incur and will incur in the future medical bills, hospital bills, and other medical expenses; the Plaintiff lost wages and will incur lost wages in the future; the Plaintiff lost the use and value of his vehicle.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Teresa Spear Atzbach, and/or Fictitious Defendants A – Z for punitive, and such other damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interest and costs.

<div align="center">

**THIRD CAUSE OF ACTION**
**NEGLIGENCE**

</div>

Plaintiff, Al Jerome Andry, alleges against the Defendants, Andres Suarez and Fictitious Defendants A – Z, separately and severally as follows:

12.   The Plaintiff adopts and realleges all prior paragraphs as is fully set out herein. On or about October 16, 2018, the Plaintiff, Al Jerome Andry, was injured in a motor vehicle crash which occurred on the northbound side of Interstate 85 between Alabama Highway 81 and County Road 1132 in Macon County, Alabama.  At that time and place, Defendant, Andres Suarez negligently failed to yield the right of way to the Plaintiff and struck the Plaintiff causing serious damage and injury.  The crash made the basis of this Complaint was the proximate result of the negligence of Andres Suarez.

13.   As a proximate result of the negligence of Andres Suarez, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to incur and will incur in the future medical bills, hospital bills, and other medical expenses; the Plaintiff lost wages and will incur lost wages in the future; the Plaintiff lost the use and value of his vehicle.

WHEREFORE, the Plaintiff, Al Jerome Andry, demands judgment against the Defendants, Andres Suarez and/or Fictitious Defendants A – Z, for compensatory damages, and such other

damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interests and costs.

## FOURTH CAUSE OF ACTION
## WANTONNESS

Plaintiff, Al Jerome Andry, alleges against the Defendants, Andres Suarez and Fictitious Defendants A – Z, separately and severally as follows:

14.     The Plaintiff adopts and realleges all prior paragraphs as if fully set out herein. On or about October 16, 2018, the Plaintiff was injured in a motor vehicle wreck which occurred on the northbound side of Interstate 85 between Alabama Highway 81 and County Road 1132 in Macon County, Alabama. At that time and place, Defendant, Andres Suarez, wantonly failed to yield the right of way to the Plaintiff and struck the Plaintiff causing serious damage and injury. The wreck made the basis of this Complaint was the proximate result of the wantonness of Andres Suarez.

15.     As a proximate result of the wantonness of Andres Suarez, the Plaintiff was caused to suffer the following injuries and damages: the Plaintiff was injured; the Plaintiff was permanently injured; the Plaintiff was caused to suffer pain; the Plaintiff was caused to suffer mental anguish and will suffer mental anguish in the future; the Plaintiff was caused to incur and will incur in the future medical bills, hospital bills, and other medical expenses; the Plaintiff lost wages and will incur lost wages in the future; the Plaintiff lost the use and value of his vehicle.

WHEREFORE, the Plaintiff demands judgment against the Defendants, Andres Suarez and/or Fictitious Defendants A – Z for punitive, and such other damages as allowed by the State of Alabama in an amount that is within the jurisdictional limits of this Honorable Court, plus interest and costs.

## FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING

Plaintiff, Al Jerome Andry, alleges against the Defendant, J & J Drive-Away, Inc, and Fictitious Defendants A – Z, separately and severally as follows:

16. The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

17. Defendant J & J Drive-Away, Inc. hired Defendant Andres Suarez as a driver and to transport cargo.

18. Defendant Andres Suarez lacked and continues to lack the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

19. At the time Defendant Andres Suarez was hired, J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

20. As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry, demands judgment against the Defendant, J & J Drive-Away, Inc., for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## SIXTH CAUSE OF ACTION
## WANTON HIRING

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc, and Fictitious Defendants A – Z, separately and severally as follows:

21.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

22.     Defendant J & J Drive-Away, Inc. hired Defendant Andres Suarez as a driver and to transport cargo.

23.     Defendant Andres Suarez lacked and continues to lack the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

24.     At the time Defendant Andres Suarez was hired, J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

25.     At the time Defendant Andres Suarez was hired, J & J Drive-Away, Inc. knew or should have known that hiring Andres Suarez would likely cause injury to another person.

26.     As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

### SEVENTH CAUSE OF ACTION
### NEGLIGENT TRAINING

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

27.   The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

28.   Defendant J & J Drive-Away, Inc. had a duty as an employer and supervisor of Defendant Andres Suarez to give, supervise, and control the necessary and proper training of Andres Suarez so that he could carry out the job duties of a driver in a reasonable and safe manner.

29.   Defendant J & J Drive-Away, Inc. failed to give, supervise, and control the necessary and proper training of Andres Suarez.

30.   As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

### EIGHTH CAUSE OF ACTION
### WANTON TRAINING

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

31.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

32.     Defendant J & J Drive-Away, Inc. had a duty as employer and supervisor of Defendant Andres Suarez to give, supervise, and control the necessary and proper training of Andres Suarez so that he could carry out the job duties of a driver in a reasonable and safe manner.

33.     Defendant J & J Drive-Away, Inc. failed to give, supervise, and control the necessary and proper training of Andres Suarez .

34.     By failing to give Defendant Andres Suarez the proper training, Defendant J & J Drive-Away, Inc. knew or should have known that its actions would likely cause injury to another person.

35.     As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

DOCUMENT 2

## NINTH CAUSE OF ACTION
## NEGLIGENT RETENTION

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

36.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

37.     Defendant J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

38.     Despite this knowledge, Defendant J & J Drive-Away, Inc. failed to terminate Defendant Andres Suarez's job duties as a driver.

39.     As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## TENTH CAUSE OF ACTION
## WANTON RETENTION

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

40.    The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

41.    Defendant J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

42.    Despite this knowledge, Defendant J & J Drive-Away, Inc. failed to terminate Defendant Andres Suarez's job duties as a driver.

43.    By failing to terminate Defendant Andres Suarez's job duties as a driver, Defendant J & J Drive-Away, Inc. knew or should have known that its actions would likely cause injury to another person.

44.    As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

DOCUMENT 2

## ELEVENTH CAUSE OF ACTION
## NEGLIGENT ENTRUSTMENT

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

45.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

46.     Defendant J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

47.     Despite this knowledge, Defendant J & J Drive-Away, Inc. allowed Defendant Andres Suarez to transport cargo for J & J Drive-Away, Inc.

48.     As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## TWELFTH CAUSE OF ACTION
## WANTON ENTRUSTMENT

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc. and Fictitious Defendants A – Z, separately and severally as follows:

49.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

50.     Defendant J & J Drive-Away, Inc. knew or should have known that Defendant Andres Suarez lacked the requisite skill, care, and expertise to carry out the job duties of a driver in a reasonable and safe manner.

51.     Despite this knowledge, Defendant J & J Drive-Away, Inc. allowed Defendant Andres Suarez to transport cargo for J & J Drive-Away, Inc.

52.     By entrusting the use and control of the vehicle to Defendant Andres Suarez, Defendant J & J Drive-Away, Inc. knew or should have known that its actions would likely cause injury to another person.

53.     As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## THIRTEENTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

54.     The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

55.     Defendant J & J Drive-Away, Inc. had a duty as employer and supervisor of Defendant Andres Suarez to supervise, correct, and monitor the employment of Defendant Andres Suarez in order to ensure that his work was performed in a reasonable and safe manner.

56.     Defendant J & J Drive-Away, Inc. failed to supervise, correct, and monitor the employment of Defendant Andres Suarez.

57.     As a proximate result of the negligence of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for compensatory damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

## FOURTEENTH CAUSE OF ACTION
## WANTON SUPERVISION

Plaintiff, Al Jerome Andry, alleges against the Defendant J & J Drive-Away, Inc., and Fictitious Defendants A – Z, separately and severally as follows:

58.    The Plaintiff adopts and incorporates by reference the relevant portions of all prior paragraphs.

59.    Defendant J & J Drive-Away, Inc. had a duty as employer and supervisor of Defendant Andres Suarez to supervise, correct, and monitor the employment of Defendant Andres Suarez in order to ensure that his work was performed in a reasonable and safe manner.

60.    Defendant J & J Drive-Away, Inc. failed to supervise, correct, and monitor the employment of Defendant Andres Suarez.

61.    By failing to supervise, correct, and monitor the employment of Defendant Andres Suarez, Defendant J & J Drive-Away, Inc. knew or should have known that its actions would likely cause injury to another person.

62.    As a proximate result of the wantonness of the Defendant, the Plaintiff was caused to suffer the following injuries and damages: he was injured in and about various portions of his body; he was caused to suffer physical pain and mental anguish, which he still suffers and will suffer in the future; he was caused to undergo medical treatment and care for his injuries and will be caused to undergo further such treatment in the future; he was caused to incur medical bills, hospital bills and other medical expenses in and about the care and treatment of his injuries and he will incur such medical expenses in the future; he was permanently injured.

WHEREFORE, Plaintiff Al Jerome Andry demands judgment against the Defendant J & J Drive-Away, Inc. for punitive damages, general damages, and such other damages as allowed by this Honorable Court, plus interest and costs.

DOCUMENT 2

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile

OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830

**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICE THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:**

**Teresa Spear Atzbach**
**530 Union Camp Road**
**Notasulga, AL 36866**

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONALY SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez**
**108 Main Street**
**Hancock, MD 21750**

DOCUMENT 2

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive-Away, Inc**
**7270 West 162nd Street**
**Stilwell, KS  66085**

DOCUMENT 3

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| AL JEROME ANDRY,     * | |
|     * | |
|      Plaintiff,     * | |
| v.     * | |
|     * | **CASE NO.: CV-2019-_____** |
| TERESA SPEAR ATZBACH, ANDRES     * | |
| SUAREZ AND J & J DRIVE-AWAY,     * | **TO BE SERVED** |
| INC., Fictitious Defendants A – Z, the     * | **WITH COMPLAINT** |

AL JEROME ANDRY,

    Plaintiff,

v.

TERESA  SPEAR ATZBACH, ANDRES
SUAREZ AND J & J DRIVE-AWAY,
INC., Fictitious Defendants A – Z, the
person, firm, corporation and/or entity
who was driving the vehicle on behalf of
Teresa  Spear Atzbach, Andres Suarez
and J & J Drive-Away, Inc., at the time
and place of the wreck made the basis of
the suit; Fictitious Defendants A – Z the
person, firm, corporation and or entity
who was the owner, operator or
controller of the vehicle driven by Teresa
Spear Atzbach, Andres Suarez and J & J
Drive-Away, Inc. and/or who employed
Teresa  Spear Atzbach, Andres Suarez
and J & J Drive-Away, Inc. at the time
and place of the wreck made the basis of
this suit, and who had such vehicle under
their control and entrusted the operation
of said vehicle to Teresa  Spear Atzbach,
Andres Suarez and J & J Drive-Away,
Inc.; Fictitious Defendants A – Z, the
person, firm, corporation and/or entity
whose negligence and/or wantonness
contributed in any way to the wreck
made the basis of this suit;

    Defendants.

**CASE NO.: CV-2019-_____**

**TO BE SERVED
WITH COMPLAINT**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION TO THE DEFENDANT,
### TERESA SPEAR ATZBACH

COMES NOW, Plaintiff, Al Jerome Andry, in the above-styled cause, and pursuant to the

*Rules of Civil Procedure*, propounds the following Interrogatories and Request for Production to

the Defendant, Teresa Spear Atzbach, to be answered and responded to within the time prescribed

by law:

You are reminded that under the provisions of Rule 26(e) you are under a duty to seasonably supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon which the basis of which (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff with fifteen (15) days after receipt of such information.

## DEFINITIONS

Unless otherwise indicated the following definitions shall be applicable to these Interrogatories:

"You" and "your" shall mean the Defendant and each of his employees, agents, or representatives, and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed, electronic mail, or graphic matter of any kind or description, however produced or reproduced.

"Identify" and "identification," when used with reference to a person, shall mean to state the full name and present or last known address of said person.

2

"Identify" and "identification," when used with reference to a document, shall mean to state its date, author or signor, addressee, type of document and all other means of identifying it, and its present or last known location or custodian. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## INTERROGATORIES

1.      Please state your full legal name, age, social security number, home address, employer, employer's telephone number and employer's address.

2.      Describe completely and in detail the vehicle being operated by you at the time of the wreck made the basis of this suit, including the make, model, year, vin numbers, odometer reading and body style of the same.

3.      Please state the full legal name, telephone number, and address of the owner of the vehicle which you were operating at the time of the wreck made the basis of this suit.

4.      State in detail your understanding of how the wreck referred to in the Plaintiff's Complaint occurred, including a full listing of events or actions that occurred just prior to, during, and immediately after the wreck.

5.      State the purpose of the trip you were making at the time of the wreck made the basis of this suit, including from where you had departed and where you were going.

6.      Have any photographs or films been taken of the scene of the wreck and/or the vehicle you were operating, the Plaintiff's vehicle and/or the parties involved in said wreck? If so, please attach hereto color copies of said photographs to your answers to these interrogatories.

3

7.     Please state the name, last known address and telephone number of each person known to you who was an eyewitness to the wreck made the basis of this suit, or any person who has any first-hand knowledge of the facts and circumstances of the wreck.

8.     Please identify your liability insurance coverage which was in force, if any, at the time of the wreck made the basis of this suit. If you had any excess liability coverage and/or umbrella liability coverage, please identify that policy, including in your answer the names and addresses of any and all insurance companies which furnished you with liability insurance coverage, the policy number and the limits of each such policy.

9.     Do you contend that the act or acts of any party other than you in any way caused and/or contributed to the wreck made the basis of this suit? If so, please state the full name and last known address of such other party and describe in detail the act or acts of such other party which you contend caused and/or contributed to the wreck made the basis of this suit.

10.    Please describe completely in detail all of your activities for the twenty-four (24) hour period immediately preceding the wreck made the basis of this suit, including but not limited to, where you were, what you were doing, and the name(s), telephone number(s), and address(es) of anyone accompanying you or who was in your presence.

11.    Did you consume or take any narcotic, prescription medication or alcoholic beverages during the twenty-four (24) hour period immediately preceding the wreck made the basis of this suit? If so, please state:

    a. The date and time of consumption;

    b. The name, if any, and specific address of the place where the beverages, narcotics or prescription medications were purchased;

4

      c.  The name or type, dosage or size of the narcotics, beverages or prescription medications that were taken or consumed.

12.    Did you have a current valid driver's license at the time of the wreck made the basis of this suit? If so, please state any and all restrictions on your driver's license both now and at the time of the wreck made the basis of this suit. If not, please state completely and in detail the reason why you did not have a current, valid driver's license.

13.    Have you been involved in any other automobile accidents during the five years preceding the wreck made the basis of this suit? If so, please state the date, place and parties involved in each such accident and whether you or your insurance company paid any damages as a result of any such accident.

14.    Please list all moving traffic violations you have been charged with during the five year period preceding the wreck made the basis of this suit.

15.    Please state whether you have been arrested and/or convicted of any offense other than traffic violations. If your answer is affirmative, identify each such offense and the date of the offense.

16.    Has your automobile insurance ever been canceled? If so, please give the name and address of the insurance company and full and complete details of any such cancellation.

17.    Please state whether any blood tests were taken of you during the twenty-four (24) hour period immediately preceding and/or following the wreck made the basis of this suit. If so, please state:

      a.  The date and time of each test;

      b.  The name, telephone number, and specific address of the place or places where the test were administered;

5

      c.  The name, telephone number, and address of the person requesting such test and the reason therefore;

      d.  The results of any such test.

18.     State your complete employment history, including for each place of employment, your beginning and ending employment dates, your job title, job duties, supervisor's name, hourly rate of pay, and reason for leaving.

19.     Please state whether or not your wear corrective lenses. If your answer is affirmative, state whether they are eyeglasses or contact lenses, state the strength of the prescription, state the name of the medical provider who prescribed such lenses to you, and state the last date on which such prescription was filled.

20.     If your answer to interrogatory number 19 is affirmative, state the names, telephone numbers, and addresses of each and every ophthalmologist, optometrist, or other vision specialist or corrective lens provider you have visited or been examined by for the past 15 years.

21.     State whether or not you use a cellular telephone and if your answer is affirmative, state the owner of cellular telephone, the name of the telephone company who provides the service to you and the cellular telephone number.

22.     State the approximate date on which you first obtained a motor vehicle driver's license. Please state further any and all restrictions on your driver's license both now and at the time or the wreck made the basis of this suit.

23.     List the name, style, case number, jurisdiction and date of filing for every lawsuit, other than this present one, in which you have been a party, Plaintiff or Defendant.

6

24. State whether or not you have ever had your driver's license suspended or revoked. If your answer is affirmative, state the dates of such suspension or revocation and the reason for such suspension or revocation.

25. State whether, at the time of the incident made the basis of this case, you were working within the line and scope of your employment with any entity.

26. State whether or not you have had any hearing or vision screening tests performed during the past five years. If your answer is affirmative, state the name, telephone number, and address of the medical provider's office at which such screening was performed. Also list the dates for each such hearing or vision screening test.

27. Identify each person whom you expect to call as an expert witness at the trial of this case; state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; the summary of the grounds for each such opinion and the qualifications of each such expert(s).

## REQUEST FOR PRODUCTION

1. Produce a front and back copy of your current driver's license.

2. Produce a front and back copy of the driver's license being used at the time of the wreck if different from the one requested in Request for Production question 1.

3. Produce a copy of the tag receipt and motor vehicle title for the vehicle operated by the Defendant at the time of the collision.

4. Produce a copy of any and all photographs, video tapes, charts or diagrams of the collision scene which have been taken or made by any employee, person or organization which you have in your custody or control or which can be obtained by you; further produce any and all

7

photographs, video tapes, charts or diagrams that you indent to introduce into evidence at the trial of this case.

5.   Produce a copy of any and all photographs, video tapes, charts or diagrams of any of the vehicles involved in the collision which have been taken or made by any employee, person or organization which you have in your custody or control or which can be obtained by you; further produce any and all photographs, video tapes, charts or diagrams that you indent to introduce into evidence at the trial of this case.

6.   Produce a copy of any documents and/or repair estimates, invoices or work orders concerning property damage sustained by the vehicle operated by the Defendant.

7.   Produce copy of any maintenance records, receipts and/or invoices for the three year period prior to the collision on the vehicle operated by the Defendant at the time of the collision.

8.   Produce a certified copy of your policy of liability insurance in effect at the time of the wreck made the basis of this lawsuit, including the declaration page.

9.   Produce a copy of any and all statements (recorded and/or written), whether or not signed by the person making said statements, from any person having or claiming to have knowledge or information regarding the wreck which made the basis of this suit.

   a.   Produce for inspection the original and/or copies of any tapes, videotapes, CDs, regarding any and all statements made by the Plaintiff, Defendant, and/or witnesses regarding the wreck.

10.   Produce a copy of all documents received by the Defendant pursuant to each and every Non-Party Subpoena issued at the request of the Defendant.

8

11.     Produce any and all Federal and State Income Tax Returns, W-2 Forms, and any other supporting documents for the year of the wreck and four years prior to the wreck which made the basis for this suit.

12.     Produce all electronically stored information including, but not limited to, e-mails which relate to the allegations in the complaint in any way whatsoever.

13.     Produce all social media communications which were transmitted by you on the day of the incident made the basis of this Complaint.

14.     Produce all social media communications which have been transmitted by you up to and including the time you are responding to these Requests for Production regarding any topic related to the incident made the basis of this Complaint.

15.     Produce any mobile phone records you have from any mobile phone you had in your possession on the day of the incident made the basis of this Complaint.

16.     Produce any text messages complete with the time and date received or sent by you from any mobile phone within one (1) hour before, during or one (1) hour after the incident made the basis of this Complaint.

17.     Produce any text messages complete with time and date received or sent by you from any mobile phone you have in your possession relating to the incident made the basis of this Complaint.

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

9

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile


OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830


**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:**

**Teresa Spear Atzbach**
**530 Union Camp Road**
**Notasulga, AL 36866**

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez**
**108 Main Street**
**Hancock, MD 21750**

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive Away, Inc.**
**7270 West 162nd Street**
**Stilwell, KS 66085**

10

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| AL JEROME ANDRY, | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | * |
| | * **CASE NO.: CV-2019-_____** |
| TERESA SPEAR ATZBACH, ANDRES | * |
| SUAREZ AND J & J DRIVE-AWAY, | * **TO BE SERVED** |
| INC., Fictitious Defendants A – Z, the | * **WITH COMPLAINT** |
| person, firm, corporation and/or entity | * |
| who was driving the vehicle on behalf of | * |
| Teresa Spear Atzbach, Andres Suarez | * |
| and J & J Drive-Away, Inc., at the time | * |
| and place of the wreck made the basis of | * |
| the suit; Fictitious Defendants A – Z the | * |
| person, firm, corporation and or entity | * |
| who was the owner, operator or | * |
| controller of the vehicle driven by Teresa | * |
| Spear Atzbach, Andres Suarez and J & J | * |
| Drive-Away, Inc. and/or who employed | * |
| Teresa Spear Atzbach, Andres Suarez | * |
| and J & J Drive-Away, Inc. at the time | * |
| and place of the wreck made the basis of | * |
| this suit, and who had such vehicle under | * |
| their control and entrusted the operation | * |
| of said vehicle to Teresa Spear Atzbach, | * |
| Andres Suarez and J & J Drive-Away, | * |
| Inc.; Fictitious Defendants A – Z, the | * |
| person, firm, corporation and/or entity | * |
| whose negligence and/or wantonness | * |
| contributed in any way to the wreck | * |
| made the basis of this suit; | * |
| | * |
| **Defendants.** | * |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO THE DEFENDANT, ANDRES SUAREZ

COMES NOW, Plaintiff, Al Jerome Andry, in the above-styled cause, and pursuant to the

Rules of Civil Procedure, propounds the following Interrogatories and Request for Production to

the Defendant, Andres Suarez, to be answered and responded to within the time prescribed by law:

11

You are reminded that under the provisions of Rule 26(e) you are under a duty to seasonably supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon which the basis of which (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff with fifteen (15) days after receipt of such information.

## DEFINITIONS

Unless otherwise indicated the following definitions shall be applicable to these Interrogatories:

"You" and "your" shall mean the Defendant and each of his employees, agents, or representatives, and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed, electronic mail, or graphic matter of any kind or description, however produced or reproduced.

"Identify" and "identification," when used with reference to a person, shall mean to state the full name and present or last known address of said person.

12

"Identify" and "identification," when used with reference to a document, shall mean to state its date, author or signor, addressee, type of document and all other means of identifying it, and its present or last known location or custodian. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## INTERROGATORIES

1. Please state your full legal name, age, social security number, home address, employer, employer's telephone number and employer's address.

2. Describe completely and in detail the vehicle being operated by you at the time of the wreck made the basis of this suit, including the make, model, year, vin number, odometer reading and body style of the same.

3. Please state the full legal name, telephone number, and address of the owner of the vehicle which you were operating at the time of the wreck made the basis of this suit.

4. State in detail your understanding of how the wreck referred to in the Plaintiff's complaint occurred, including a full listing of events or actions that occurred just prior to, during, and immediately after the wreck.

5. State the purpose of the trip you were making at the time of the wreck made the basis of this suit, including from where you had departed and where you were going.

6. Have any photographs or films been taken of the scene of the wreck and/or the vehicle you were operating, the Plaintiff's vehicle and/or the parties involved in said wreck? If so, please attach hereto color copies of said photographs to your answers to these interrogatories.

13

7.  Please state the name, last known address and telephone number of each person known to you who was an eyewitness to the wreck made the basis of this suit, or any person who has any first-hand knowledge of the facts and circumstances of the wreck.

8.  Please identify your liability insurance coverage which was in force, if any, at the time of the wreck made the basis of this suit. If you had any excess liability coverage and/or umbrella liability coverage, please identify that policy, including in your answer the names and addresses of any and all insurance companies which furnished you with liability insurance coverage, the policy number and the limits of each such policy.

9.  Do you contend that the act or acts of any party other than you in any way caused and/or contributed to the wreck made the basis of this suit? If so, please state the full name and last known address of such other party and describe in detail the act or acts of such other party which you contend caused and/or contributed to the wreck made the basis of this suit.

10. Please describe completely in detail all of your activities for the twenty-four (24) hour period immediately preceding the wreck made the basis of this suit, including but not limited to, where you were, what you were doing, and the name(s), telephone number(s), and address(es) of anyone accompanying you or who was in your presence.

11. Did you consume or take any narcotic, prescription medication or alcoholic beverages during the twenty-four (24) hour period immediately preceding the wreck made the basis of this suit? If so, please state:

    a.  The date and time of consumption;

    b.  The name, if any, and specific address of the place where the beverages, narcotics or prescription medications were purchased;

14

      c. The name or type, dosage or size of the narcotics, beverages or prescription medications that were taken or consumed.

12. Did you have a current valid driver's license at the time of the wreck made the basis of this suit? If so, please state any and all restrictions on your driver's license both now and at the time of the wreck made the basis of this suit. If not, please state completely and in detail the reason why you did not have a current, valid driver's license.

13. Have you been involved in any other automobile wrecks during the five years preceding the wreck made the basis of this suit? If so, please state the date, place and parties involved in each such wreck and whether you or your insurance company paid any damages as a result of any such wreck.

14. Please list all moving traffic violations you have been charged with during the five year period preceding the wreck made the basis of this suit.

15. Please state whether you have been arrested and/or convicted of any offense other than traffic violations. If your answer is affirmative, identify each such offense and the date of the offense.

16. Has your automobile insurance ever been canceled? If so, please give the name and address of the insurance company and full and complete details of any such cancellation.

17. Please state whether any blood test were taken of you during the twenty-four (24) hour period immediately preceding and/or following the wreck made the basis of this suit. If so, please state:

      a. The date and time of each test;

      b. The name, telephone number, and specific address of the place or places where the test were administered;

15

c.   The name, telephone number, and address of the person requesting such test and the reason therefore;

d.   The results of any such test.

18.   State your complete employment history, including for each place of employment, your beginning and ending employment dates, your job title, job duties, supervisor's name, hourly rate of pay, and reason for leaving.

19.   Please state whether or not your wear corrective lenses. If your answer is affirmative, state whether they are eyeglasses or contact lenses, state the strength of the prescription, state the name of the medical provider who prescribed such lenses to you, and state the last date on which such prescription was filled.

20.   If your answer to interrogatory number 19 is affirmative, state the names, telephone numbers, and addresses of each and every ophthalmologist, optometrist, or other vision specialist or corrective lens provider you have visited or been examined by for the past 15 years.

21.   State whether or not you use a cellular telephone and if your answer is affirmative, state the owner of cellular telephone, the name of the telephone company who provides the service to you and the cellular telephone number.

22.   State the approximate date on which you first obtained a motor vehicle driver's license. Please state further any and all restrictions on your driver's license both now and at the time or the wreck made the basis of this suit.

23.   List the name, style, case number, jurisdiction and date of filing for every lawsuit, other than this present one, in which you have been a party, Plaintiff or Defendant.

24.     State whether or not you have ever had your driver's license suspended or revoked. If your answer is affirmative, state the dates of such suspension or revocation and the reason for such suspension or revocation.

25.     At the time of the wreck which made the basis for this suit, was the vehicle you were driving being used as an employment vehicle.

26.     State whether or not you have had any hearing or vision screening tests performed during the past five years. If your answer is affirmative, state the name, telephone number, and address of the medical provider's office at which such screening was performed. Also list the dates for each such hearing or vision screening test.

27.     Identify each person whom you expect to call as an expert witness at the trial of this case; state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; the summary of the grounds for each such opinion and the qualifications of each such expert(s).

## REQUEST FOR PRODUCTION TO ANDRES SUAREZ

1.     Produce a front and back copy of your current driver's license.

2.     Produce a front and back copy of the driver's license being used at the time of the wreck if different from the one requested in Request for Production question 1.

3.     Produce a copy of the tag receipt and motor vehicle title for the vehicle operated by the Defendant at the time of the collision.

4.     Produce a copy of any and all photographs, video tapes, charts or diagrams of the collision scene which have been taken or made by any employee, person or organization which you have in your custody or control or which can be obtained by you; further produce any and all

17

photographs, video tapes, charts or diagrams that you indent to introduce into evidence at the trial of this case.

5.  Produce a copy of any and all photographs, video tapes, charts or diagrams of any of the vehicles involved in the collision which have been taken or made by any employee, person or organization which you have in your custody or control or which can be obtained by you; further produce any and all photographs, video tapes, charts or diagrams that you indent to introduce into evidence at the trial of this case.

6.  Produce a copy of any documents and/or repair estimates, invoices or work orders concerning property damage sustained by the vehicle operated by the Defendant.

7.  Produce copy of any maintenance records, receipts and/or invoices for the three year period prior to the collision on the vehicle operated by the Defendant at the time of the collision.

8.  Produce a certified copy of your policy of liability insurance in effect at the time of the wreck made the basis of this lawsuit, including the declaration page.

9.  Produce a copy of any and all statements (recorded and/or written), whether or not signed by the person making said statements, from any person having or claiming to have knowledge or information regarding the wreck which made the basis of this suit.

a.  Produce for inspection the original and/or copies of any tapes, videotapes, CDs, regarding any and all statements made by the Plaintiff, Defendant, and/or witnesses regarding the wreck.

10.  Produce a copy of all documents received by the Defendant pursuant to each and every Non-Party Subpoena issued at the request of the Defendant.

18

DOCUMENT 4

11.     Produce any and all Federal and State Income Tax Returns, W-2 Forms, and any other supporting documents for the year of the wreck and four years prior to the wreck which made the basis for this suit.

12.     Produce all electronically stored information including, but not limited to, e-mails which relate to the allegations in the complaint in any way whatsoever.

13.     Produce all social media communications which were transmitted by you on the day of the incident made the basis of this Complaint.

14.     Produce all social media communications which have been transmitted by you up to and including the time you are responding to these Requests for Production regarding any topic related to the incident made the basis of this Complaint.

15.     Produce any mobile phone records you have from any mobile phone you had in your possession on the day of the incident made the basis of this Complaint.

16.     Produce any text messages complete with the time and date received or sent by you from any mobile phone within one (1) hour before, during or one (1) hour after the incident made the basis of this Complaint.

17.     Produce any text messages complete with time and date received or sent by you from any mobile phone you have in your possession relating to the incident made the basis of this Complaint.

<div style="margin-left: 40%">

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

</div>

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile


OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830


**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:**

**Teresa Spear Atzbach**
**530 Union Camp Road**
**Notasulga, AL  36866**

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez**
**108 Main Street**
**Hancock, MD  21750**

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive Away, Inc.**
**7270 West 162nd Street**
**Stilwell, KS  66085**

DOCUMENT 5

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| AL JEROME ANDRY, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| | *   CASE NO.: CV-2019-_____ |
| TERESA SPEAR ATZBACH, ANDRES | * |
| SUAREZ AND J & J DRIVE-AWAY, | * |
| INC., Fictitious Defendants A – Z, the | *   TO BE SERVED |
| person, firm, corporation and/or entity | *   WITH COMPLAINT |
| who was driving the vehicle on behalf of | * |
| Teresa Spear Atzbach, Andres Suarez | * |
| and J & J Drive-Away, Inc., at the time | * |
| and place of the wreck made the basis of | * |
| the suit; Fictitious Defendants A – Z the | * |
| person, firm, corporation and or entity | * |
| who was the owner, operator or | * |
| controller of the vehicle driven by Teresa | * |
| Spear Atzbach, Andres Suarez and J & J | * |
| Drive-Away, Inc. and/or who employed | * |
| Teresa Spear Atzbach, Andres Suarez | * |
| and J & J Drive-Away, Inc. at the time | * |
| and place of the wreck made the basis of | * |
| this suit, and who had such vehicle under | * |
| their control and entrusted the operation | * |
| of said vehicle to Teresa Spear Atzbach, | * |
| Andres Suarez and J & J Drive-Away, | * |
| Inc.; Fictitious Defendants A – Z, the | * |
| person, firm, corporation and/or entity | * |
| whose negligence and/or wantonness | * |
| contributed in any way to the wreck | * |
| made the basis of this suit; | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION TO THE DEFENDANT,
## J & J DRIVE-AWAY, INC.

COME NOW the Plaintiff, Al Jerome Andry, in the above referenced case, pursuant to the

Rules of Civil Procedure, and propounds the following interrogatories to the Defendant, J & J

Drive-Away, Inc.

21

**DOCUMENT 5**

## INSTRUCTIONS & DEFINITIONS

You are reminded that pursuant to the Rules of Civil Procedure you are under a duty to seasonably supplement your responses with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matters, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify and the substance of their testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know the response, though correct when made, is no long true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Unless otherwise indicated, the following definitions shall be applicable to these Interrogatories:

"You" and "your" shall mean J & J Drive-Away, Inc and each of his agents or representatives, and all other persons acting on his behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, government or legal entity.

"Identify", when used with reference to a document, shall mean to state its date, author or signor, addressee, type of document and all other means of identifying it, and its present or last known location or custodian. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Identify", when used with reference to a person, shall mean to state his or her full name, current or last address and telephone number and his or her last known work or business address and phone number.

22

"Document" shall mean any originals, copies and/or all of written, recorded, or transcribed materials of any kind or description, including but not limited to correspondence, notes, memos, e-mails, text messages, reports, statements, diaries, journals, transcripts, pamphlets, articles, questionnaires, drawings, sketches, diagrams, charts, telephone records, books, workbooks, invoices and bills, however produced and maintained. References to documents specifically include materials maintained in paper copy and materials stored electronically on computer networks, hard drives, disks or otherwise.

### INTERROGATORIES

1.     Please state the name, address, occupation and title of all person(s) involved and assisting you in answering these interrogatories.

2.     Please state the name, address, occupation and title of all person(s) involved and assisting you in answering these interrogatories.

3.     Name and identify, by giving a current or last known address and telephone number, each person known to you or your attorneys who was a witness to or has any knowledge regarding the incident made the basis of this lawsuit.

4.     Has any investigation or inquiry relating to the incident made the basis of this lawsuit been conducted by you or any agents, representatives, insurance adjusters or other individuals acting on your behalf? If so:

> a.  state the name(s), address(es) and job titles of any and all individuals who participated in this investigation or inquiry;

> b.  state the date or dates on which the investigation or inquiry was conducted;

DOCUMENT 5

      c.  list and describe all reports or other documentation, including photos and/or videos, created as a result of the investigation or inquiry and state the name(s), address(es) and job titles of the individual(s) who prepared the reports or other documentation.

5.      Have any agents, representatives, insurance adjusters or other individuals acting on your behalf any statements from the Plaintiffs, the Plaintiffs' family members or any other persons who have any knowledge regarding the incident made the basis of this lawsuit, specifically including but not limited to other persons involved in the incident and/or witnesses present at the scene? If so, please state:

      a.  the name, address and telephone number of each individual from whom a statement was taken;

      b.  the date on which each statement was taken;

      c.  the name of the individual(s) who took each statement;

      d.  whether the statement was written or oral;

      e.  whether there is any permanent recording of each statement and the identity of the person(s) having possession and/or control of each statement.

**NOTE – THIS IS NOT A REQUEST FOR COPIES OF ANY STATEMENTS.**

6.      Have any agents, representatives, insurance adjusters or other individuals acting on your behalf had any discussions or meetings regarding the subject incident with the Plaintiffs, the Plaintiffs' family members or any other persons who have any knowledge regarding the subject incident, specifically including but not limited to other persons involved in the incident and/or witnesses present at the scene. If so, for each discussion and/or meeting, please state:

      a.  the date of the discussion or meeting;

DOCUMENT 5

  b. the name(s), address(es) and telephone number(s) of each individual who participated in or was present during the discussion and/or meeting;

  c. whether or not an audio recording was made of the discussion and/or meeting and, if so, the identity of the person(s) having possession and/or control of such recording;

  d. whether or not any notes, memorandum, reports, transcripts or other written documentation exists regarding the discussion and/or meeting and, if so, the identity of the person(s) having possession and/or control of such documentation.

7. State whether, at the time of the incident made the basis of this lawsuit, Defendant, Andres Suarez, was working within the line and scope of his employment with J & J Drive-Away, Inc and/or any other entity.

8. State the name(s), address(es) and telephone number(s) of the following:

  a. the persons, firms or entities who owned the subject vehicle;

  b. the persons, firms or entities responsible for the maintenance, repairs and overall safe and proper working condition of the Subject vehicle;

  c. all persons, firms or entities who performed any and all maintenance and/or repairs of the subject vehicle at any time.

  9. State the name and address of any liability insurance carrier, both primary and excess, which may be liable to satisfy part or all of any judgment which may be entered against you this action. For all policies issued by each insurance carrier, please state the policy number, coverage limits and effective dates for each insurance policy.

  10. Name and identify, by giving the address and telephone number, each and every person who has knowledge relevant to:

a. each of the defenses asserted by you in your answer(s) to Plaintiffs' complaint(s);

b. the defenses which you may present at trial.

11. Name and identify each person whom you expect to call as an expert witness at the trial of this case and for each such expert:

a. state the subject matter on which each expert is expected to testify;

b. state the substance of the facts and opinions to which each expert is expected to testify;

c. give a summary of the grounds for each opinion held by each expert.

### REQUEST FOR PRODUCTION TO J & J DRIVE-AWAY, INC

COMES NOW THE PLAINTIFF in the above referenced case, pursuant to the Rules of Civil Procedure, and propounds the following Request for Production of Documents to the Defendant, J & J Drive-Away, Inc:

1. Your complete investigative file relating to the wreck made the basis of this lawsuit, including any investigation conducted by any third party on your behalf.

2. Any and all photographs that relate to the scene of the wreck, the vehicles involved in the wreck, or which relate in any way to the wreck made the basis of this lawsuit.

3. Any and all documents of any type whatsoever that relate in any way to the driving record of the Defendant, Andres Suarez.

4. Production is requested of any and all files kept on Defendant Andres Suarez which indicate or show Andres Suarez's qualifications to operate this Defendant's vehicle involved in the wreck made the basis of this suit.

5. The "Driver's Qualification File" maintained by this Defendant on Andres Suarez along with any other documents contained therein, in their precise state of existence on the date of

26

the wreck. Please refer to the following sub-definitions a) through l) herein and follow them closely:

a) Any pre-employment questionnaires or other documents secured from Andres Suarez prior to employment.

b) Any and all completed application for employment secured by this Defendant both before and/or after the actual date of contract of employment by Andres Suarez.

c) All medical examinations, tests and certification of medical examinations inclusive of expired and non-expired documents relative to Andres Suarez.

d) All of driver's annual violation statements which should include one of each twelve months of contract or employment with this Defendant motor carrier in this case.

e) All actual driver's motor carrier road tests administered to Andres Suarez.

f) All actual driver's motor carrier written tests administered to Andres Suarez.

g) All road and written test certificates issued by this Defendant or any other motor carrier or organization to Andres Suarez regardless of the date issued or the originator of such certificates.

h) All past employment inquiries sent to or secured from former employers along with all responses from former employers inclusive of all U.S. mail, personal contact or telephone inquiries and results directed to or received by this Defendant from past employers of Andres Suarez.

i) All inquiries to the answers received from organization in reference to driver's license record of traffic violations and wrecks directed to and/or received by this Defendant, or other organizations on behalf of this Defendant, from state or federal governmental agencies relative to Andres Suarez.

j) Copies of all road and written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carriers to Andres Suarez presently in their personal possession.

k) All annual reviews, file reviews or file summaries and related documents found in the file(s) of Andres Suarez and;

l) Any and all other contents of driver's qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

27

6.      Please produce a copy of the drivers license of the Defendant, Andres Suarez.

7.      Every motor vehicle driver's license issued to driver by any governmental entity in the possession of Andres Suarez or this Defendant on or before October 16, 2018, regardless of date issued and past or present condition of driver's license status.

8.      Any state or OMC issued traffic citations, terminal or road equipment and/or driver compliance inspections or warnings issued to Andres Suarez by any city, county, state or federal agency or law enforcement official in the possession of this Defendant regardless of the date of origin.

9.      Any and all personnel files, employment files, employment evaluation, or other employer/employee files that relate to the Defendant, Andres Suarez.

10.     Any and all documents that relate to the truck involved in the wreck made the basis of this lawsuit.

11.     Any and all rules, regulations, policies and procedures, policy and procedure manuals, or other documents of any type whatsoever that relate to your rules and policies and procedures for determining the competency of your employees to operate motor vehicles before said employees are allowed to operate motor vehicles on your behalf.

12.     All employee manuals, safety and training manuals, training videotapes and/or all other written, photographic and illustrative documents relating to the safe operation of vehicles being driven by your employees, owner-operators and/or lessees.

13.     Any and all rules, regulations, policies and procedures, policy and procedure manuals, or other documents of any type whatsoever that relate to your rules and policies and procedures for determining the competency of your drivers to operate motor vehicles before said drivers are allowed to operate motor vehicles owned by you.

28

14.     Any and all contracts of insurance with coverage amounts and limits, contracts of indemnity, third party indemnity agreements, which in any way provide insurance coverage or indemnification to you, for the events made the basis of this lawsuit-- this request shall include any umbrella or excess coverage policies.

15.     All trips and/or operational documents pertaining to the movement of cargo by driver from inception date of trip through the delivery date and time of the cargo he may have been transporting at the time of the wreck. Please refer to the following sub-definitions a) through q) and follow them closely grouping all documents produced by each trip occurring during the time period requested.

a)     Driver's trip reports and/or trip envelopes, daily loads delivered/picked up or work reports, work schedule, reports, fuel purchased reports, or any reports made by driver, inclusive of daily, weekly or monthly cargo transported, time and/or distance reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status".

b)     Receipts for any trip expenses or purchases made by driver during a trip regardless of type of purchase, such as fuel, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, or other receipts regardless of the type of objects or services purchased.

c)     Cargo pickup or delivery orders prepared by the Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

d)     All written request, letters, instructions, or orders for transportation of cargo prepared by Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

e)     All bills of loading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers or cargo or any of Defendant. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of driver.

29

f)    All equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates and times or delays and/or detention of equipment relative to the operations of driver.

g)    All cargo freight bills, Pro's or otherwise described similar documents inclusive of all signed or undersigned cargo pickup and delivery copies that indicate date and/or time of pickup or delivery of cargo by driver.

h)    All written instructions, orders or advice given to Andres Suarez in reference to cargo transported, routes to travel, location to purchase fuel, cargo pickup or delivery times issued by Defendant, shippers, receivers, or any other persons or organizations.

i)    Dispatch and/or operation records indicating assignment of equipment and drivers to specific pickup, transportation and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the movement or activities of driver.

j)    Any driver call-in records or otherwise described written records indicating communications between Defendant and driver.

k)    All accounting records, merchandise purchased, transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by driver.

l)    All initial or rough driver's trip check-in or financial settlement sheets along with all final trip accounting documents and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to driver in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to driver regardless of purpose of payment or period of time payment was made.

m)    Any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source, or generated for or by Defendant showing date, time and location of fuel or other purchases by driver on the trips requested herein.

n)    Readable copies of all checks or otherwise described negotiable instruments issued to driver or his co-driver(s) given in payment as trip advance, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator services in the possession of this Defendant. Specifically copies of both the "front and back" of each check and/or comchek issued to driver is requested.

o)     Any and all state special fuel or oversize permits and any related documents or requests issued to or by any state agency or transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment of the permit(s) issued by any governmental agency is specifically requested that relate to the movement of driver.

p)     Any and all other "operational or trip related documents" created or received by this Defendant or any other persons or organizations, regardless of form or description and not defined herein, in the possession of this Defendant and relative of the operations, activities, movements and trips accomplished by driver.

16.     Any and all drawings, maps, sketches and/or videotapes of the scene of the wreck made the basis of this lawsuit.

17.     Any and all documents created for internal and external office use at this Defendant regarding this collision.

18.     Any and all documents, measurements, or other memoranda prepared by or for Defendant of the scene of the collision, as described in the complaint filed herein.

19.     All photographs, videos, movies, slides, etc. of the collision scene herein, and any of the vehicles involved in the collision taken by or on behalf of this Defendant. The materials produced pursuant to this request should include but not be limited to all photographs, video tapes, etc. taken by this Defendant on or after October 16, 2018.

20.     Copies of any witness statements that are relevant to the collision in question that are not privileged by law.

21.     Please produce copies of any Court records, police reports, incident reports or arrest records regarding the incident made the basis of this lawsuit.

22.     All objects, photographs, drawings, reports, statements or otherwise described documents in the possession of the Defendant in reference to the wreck as defined herein.

23.     All wreck files and records in reference to the wreck in the possession of this Defendant maintained or generated in accordance with FMCSR Part 394 as defined herein. This

31

includes, but is not limited to, any reports, correspondence, or any otherwise described documents sent to or received from the Federal office of Motor Carrier Safety Field Operations, reports made to other persons or organizations and any report made by driver or driver trainers, to this Defendant in reference to this wreck. This request also specifically includes any, and all otherwise described documents relative to this wreck found in the file required to be maintained by this Defendant in accordance with the FMCSR Part 394, Wreck Reporting and Recording.

24.     All other wreck or incident files and records maintained by this Defendant in reference to any other vehicular wreck, or incident, prior to the occurrence of this wreck in question, where Andres Suarez, was the driver of a vehicle involved in the prior wrecks or incidents.

25.     All driver's records of duty status or driver's daily logs and 70/60-hour summaries created by Andres Suarez beginning six months prior to and including October 16, 2018, in accordance with FMC5R Part 395.

26.     The titles of the truck and equipment involved in this wreck in their precise state of existence on October 16, 2018.

27.     A copy of any contract of employment that would govern any relationship with any other party or bear on the issue or scope of employment.

28.     All documents pertaining to or reflecting upon in any manner the relationship between or among this Defendant and any other Defendant to this lawsuit at any time at any time during the existence of this Defendant.

29.     Any and all agreements, contracts or written arrangements in effect on the date of the wreck between this Defendant and any other Defendant including, but not limited to, any contracts to perform transportation services on behalf of this Defendant by driver, Defendant or

32

other persons relative to driver's operations in the possession of this Defendant. This specifically includes any owner/operator, sale or leasing of truck(s), documents between this Defendant and Andres Suarez or other persons in reference to the equipment operated by or services performed by Andres Suarez.

30.     Any contracts, purchases, loans, leases, maintenance, rentals or payment contracts or agreements, involving the truck and equipment in said truck in effect on the date of the wreck in the possession of this Defendant.

31.     All written materials, company manuals, company issued rules and regulations, directives, notices or posted notices in effect on the date the wreck occurred created or utilized by Defendant in controlling or directing its drivers' operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the Federal Motor Carrier Safety regulations and any Defendant Motor Carrier Fleet Vehicular Safety program materials in place and effective on the date this wreck occurred.

32.     Any and all Defendant officers, executives or administrator's notices, directives, bulletins or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by this Defendant's company personnel, managers, supervisors, dispatchers, drivers, and/or lessees.

33.     The insurance forms (MCS-82 or 90) required to be in the possession of this Defendant in accordance with the requirements of FMCSR Part 387.7(d).

34.     Any and all documents of any type whatsoever, including, but not being limited to, manuals, policies and procedures, rules and regulations, or company guidelines that relate to your policies and procedures for verifying the competency of a driver to obtain a company vehicle. This

33

DOCUMENT 5

request for production is designed to obtain information relating to your verification of the competency of any driver who you allow said driver to take one of your vehicles.

35.    Any and all documents of any type whatsoever which relate to your policies and procedures as to the written paperwork and other forms that should be filled out, explained to a driver, and executed, prior to being allowed to take one of your vehicles. This request is inclusive and is designed to cover items such as competency of the potential driver, use of vehicle information, and pertinent insurance requirements and information.

36.    Any and all documents of any type whatsoever, including, but not being limited to, manuals, policies and procedures, rules and regulations, or company guidelines that relate to any special policies and procedures that your company has for issuing a truck to an employee/driver.

37.    All promotional or advertising fibers, brochures, booklets, and/or documents of any type pertaining to this Defendant during its existence.

38.    All documents of any type as to claims asserted against this Defendant during the period of his first day of employment, up to and including 10/16/2018, as a result of vehicles owned by this Defendant and being involved in wrecks or collisions of any type regardless of whether a lawsuit was filed and/or liability was denied by the Defendant.

39.    All documents of any type as to all lawsuits filed against this Defendant during the period of his first day of employment, up to and including October 16, 2018, as a result of vehicles owned by this Defendant being involved in wrecks or collisions of any type regardless of whether a lawsuit was filed and/or liability was denied by the Defendant.

40.    Produce all electronically stored information including, but not limited to, e-mails which relate to the allegations in the complaint in any way whatsoever.

34

DOCUMENT 5

41.    Produce all social media communications which were transmitted by you on the day of the incident made the basis of this Complaint.

42.    Produce all social media communications which have been transmitted by you up to and including the time you are responding to these Requests for Production regarding any topic related to the incident made the basis of this Complaint.

43.    Produce any mobile phone records you have from any mobile phone you had in your possession on the day of the incident made the basis of this Complaint.

44.    Produce any text messages complete with the time and date received or sent by you from any mobile phone within one (1) hour before, during or one (1) hour after the incident made the basis of this Complaint.

45.    Produce any text messages complete with time and date received or sent by you from any mobile phone you have in your possession relating to the incident made the basis of this Complaint.

                                        /s/ WILL G. PHILLIPS
                                        WILL G. PHILLIPS (PHI044)
                                        J. DAVID GREENE (GRE081)
                                        FRED D. GRAY, JR. (GRA044)
                                        Attorneys for Plaintiff


OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile

DOCUMENT 5

OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830


**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:**

**Teresa Spear Atzbach**
**530 Union Camp Road**
**Notasulga, AL 36866**

**THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:**

**Andres Suarez**
**108 Main Street**
**Hancock, MD 21750**

**THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:**

**J & J Drive Away, Inc.**
**7270 West 162nd Street**
**Stilwell, KS 66085**

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | | |
|---|---|---|
| AL JEROME ANDRY, | * | |
| | * | |
| **Plaintiff,** | * | |
| v. | * | |
| | * | |
| | * | **CASE NO.: CV-2019-_____** |
| TERESA SPEAR ATZBACH, ANDRES | * | |
| SUAREZ AND J & J DRIVE-AWAY, | * | **TO BE SERVED** |
| INC., Fictitious Defendants A – Z, the | * | **WITH COMPLAINT** |
| person, firm, corporation and/or entity | * | |
| who was driving the vehicle on behalf of | * | |
| Teresa Spear Atzbach, Andres Suarez | * | |
| and J & J Drive-Away, Inc., at the time | * | |
| and place of the wreck made the basis of | * | |
| the suit; Fictitious Defendants A – Z the | * | |
| person, firm, corporation and or entity | * | |
| who was the owner, operator or | * | |
| controller of the vehicle driven by Teresa | * | |
| Spear Atzbach, Andres Suarez and J & J | * | |
| Drive-Away, Inc. and/or who employed | * | |
| Teresa Spear Atzbach, Andres Suarez | * | |
| and J & J Drive-Away, Inc. at the time | * | |
| and place of the wreck made the basis of | * | |
| this suit, and who had such vehicle under | * | |
| their control and entrusted the operation | * | |
| of said vehicle to Teresa Spear Atzbach, | * | |
| Andres Suarez and J & J Drive-Away, | * | |
| Inc.; Fictitious Defendants A – Z, the | * | |
| person, firm, corporation and/or entity | * | |
| whose negligence and/or wantonness | * | |
| contributed in any way to the wreck | * | |
| made the basis of this suit; | * | |
| | * | |
| **Defendants.** | * | |

## <u>NOTICE OF DEPOSITION</u>

To:        All Parties

Deponent:   Teresa Spear Atzbach

Date:       TBA

Time:       TBA

Location:     Greene & Phillips Attorneys at Law, LLC. 51 North Florida Street
              Mobile, Alabama. 36607
Court
Reporter:     Mobile Bay Reporting

Please take notice that attorney for the Plaintiff will take the deposition of Teresa Spear

Atzbach at the time, date, and location indicated above, upon oral examination pursuant to the

*Rules of Civil Procedure* before an officer duly authorized to administer oaths and swear witnesses

in the State of Alabama.

This deposition is being taken for the purpose of discovery and/or preservation of testimony

for use at trial or both, or for such other purposes as are permitted by the applicable and governing

rules. The oral examination will continue from day to day until completed and you are invited to

attend if you so desire.

                                      /s/ WILL G. PHILLIPS
                                      WILL G. PHILLIPS (PHI044)
                                      J. DAVID GREENE (GRE081)
                                      FRED D. GRAY, JR. (GRA044)
                                      Attorneys for Plaintiff

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile


OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
   GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830

THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:

Teresa Spear Atzbach
530 Union Camp Road
Notasulga, AL  36866

THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:

Andres Suarez
108 Main Street
Hancock, MD  21750

THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:

J & J Drive Away, Inc.
7270 West 162nd Street
Stilwell, KS  66085

DOCUMENT 7

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY,                               *
                                               *
    Plaintiff,                        *
                                               *
v.                                             *
                                               *    **CASE NO.: CV-2019-_____**
                                               *
TERESA SPEAR ATZBACH, ANDRES                   *
SUAREZ AND J & J DRIVE-AWAY,                    *    **TO BE SERVED**
INC., Fictitious Defendants A – Z, the         *    **WITH COMPLAINT**
person, firm, corporation and/or entity        *
who was driving the vehicle on behalf of       *
Teresa Spear Atzbach, Andres Suarez            *
and J & J Drive-Away, Inc., at the time        *
and place of the wreck made the basis of       *
the suit; Fictitious Defendants A – Z the      *
person, firm, corporation and or entity        *
who was the owner, operator or                 *
controller of the vehicle driven by Teresa     *
Spear Atzbach, Andres Suarez and J &           *
J Drive-Away, Inc. and/or who employed         *
Teresa Spear Atzbach, Andres Suarez            *
and J & J Drive-Away, Inc. at the time         *
and place of the wreck made the basis of       *
this suit, and who had such vehicle under      *
their control and entrusted the operation      *
of said vehicle to Teresa Spear Atzbach,       *
Andres Suarez and J & J Drive-Away,            *
Inc.; Fictitious Defendants A – Z, the         *
person, firm, corporation and/or entity        *
whose negligence and/or wantonness             *
contributed in any way to the wreck            *
made the basis of this suit;                   *
                                               *
    Defendants.                       *

## NOTICE OF DEPOSITION

To:        All Parties

Deponent:    Andres Suarez

Date:      TBA

Time:     TBA

40

DOCUMENT 7

Location:     Greene & Phillips Attorneys at Law, LLC. 51 North Florida Street
             Mobile, Alabama. 36607
Court
Reporter:    Mobile Bay Reporting

Please take notice that attorney for the Plaintiff will take the deposition of Andres Suarez

at the time, date, and location indicated above, upon oral examination pursuant to the *Rules of Civil*

*Procedure* before an officer duly authorized to administer oaths and swear witnesses in the State

of Alabama.

This deposition is being taken for the purpose of discovery and/or preservation of testimony

for use at trial or both, or for such other purposes as are permitted by the applicable and governing

rules.  The oral examination will continue from day to day until completed and you are invited to

attend if you so desire.

                              /s/ WILL G. PHILLIPS
                              WILL G. PHILLIPS (PHI044)
                              J. DAVID GREENE (GRE081)
                              FRED D. GRAY, JR. (GRA044)
                              Attorneys for Plaintiff


OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile


OF COUNSEL:

GRAY, LANGFORD, SAPP, MCGOWAN,
    GRAY, GRAY & NATHANSON
P. O. Box 830239
Tuskegee, AL 36083
(334) 727-4830

DOCUMENT 7

THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS FOLLOWS:

Teresa Spear Atzbach
530 Union Camp Road
Notasulga, AL  36866

THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:

Andres Suarez
108 Main Street
Hancock, MD  21750

THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:

J & J Drive Away, Inc.
7270 West 162nd Street
Stilwell, KS  66085

DOCUMENT 8

ELECTRONICALLY FILED
1/18/2019 4:36 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| AL JEROME ANDRY, | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| v. | * |
| | * |
| | *     **CASE NO.: CV-2019-_____** |
| **TERESA SPEAR ATZBACH, ANDRES** | * |
| **SUAREZ AND J & J DRIVE-AWAY,** | *     **TO BE SERVED** |
| **INC., Fictitious Defendants A – Z, the** | *     **WITH COMPLAINT** |
| **person, firm, corporation and/or entity** | * |
| **who was driving the vehicle on behalf of** | * |
| **Teresa Spear Atzbach, Andres Suarez** | * |
| **and J & J Drive-Away, Inc., at the time** | * |
| **and place of the wreck made the basis of** | * |
| **the suit; Fictitious Defendants A – Z the** | * |
| **person, firm, corporation and or entity** | * |
| **who was the owner, operator or** | * |
| **controller of the vehicle driven by Teresa** | * |
| **Spear Atzbach, Andres Suarez and J & J** | * |
| **Drive-Away, Inc. and/or who employed** | * |
| **Teresa Spear Atzbach, Andres Suarez** | * |
| **and J & J Drive-Away, Inc. at the time** | * |
| **and place of the wreck made the basis of** | * |
| **this suit, and who had such vehicle under** | * |
| **their control and entrusted the operation** | * |
| **of said vehicle to Teresa Spear Atzbach,** | * |
| **Andres Suarez and J & J Drive-Away,** | * |
| **Inc.; Fictitious Defendants A – Z, the** | * |
| **person, firm, corporation and/or entity** | * |
| **whose negligence and/or wantonness** | * |
| **contributed in any way to the wreck** | * |
| **made the basis of this suit;** | * |
| | * |
|     **Defendants.** | * |

## <u>NOTICE OF DEPOSITION</u>

To:        All Parties

Deponent:    Representative of J & J Drive-Away, Inc.

Date:      TBA

Time:     TBA

Location:       Greene & Phillips Attorneys at Law, LLC. 51 North Florida Street
                Mobile, Alabama. 36607
Court
Reporter:       Mobile Bay Reporting

Please take notice that attorney for the Plaintiff will take the deposition of the

Representative of J & J Drive-Away, Inc. at the time, date, and location indicated above, upon oral

examination pursuant to the *Rules of Civil Procedure* before an officer duly authorized to

administer oaths and swear witnesses in the State of Alabama.

This deposition is being taken for the purpose of discovery and/or preservation of testimony

for use at trial or both, or for such other purposes as are permitted by the applicable and governing

rules.  The oral examination will continue from day to day until completed and you are invited to

attend if you so desire.

/s/ WILL G. PHILLIPS
WILL G. PHILLIPS (PHI044)
J. DAVID GREENE (GRE081)
FRED D. GRAY, JR. (GRA044)
Attorneys for Plaintiff

OF COUNSEL:

GREENE & PHILLIPS ATTORNEYS AT LAW, L.L.C.
51 N. Florida Street
Mobile, Alabama 36607
(251) 478-1115 – Telephone
(251) 471-3920 – Facsimile

**THE DEFENDANT, TERESA SPEAR ATZBACH, TO BE SERVED BY PERSONAL
SERVICED THROUGH THE MACON COUNTY, ALABAMA SHERIFF'S OFFICE AS
FOLLOWS:**

**Teresa Spear Atzbach
530 Union Camp Road
Notasulga, AL  36866**

44

DOCUMENT 8

THE DEFENDANT, ANDRES SUAREZ, TO BE SERVED BY PERSONAL SERVICE THROUGH THE WASHINGTON COUNTY, MARYLAND SHERIFF'S OFFICE AS FOLLOWS:

Andres Suarez
108 Main Street
Hancock, MD  21750

THE DEFENDANT, J & J DRIVE-AWAY, INC., TO BE SERVED BY PERSONALY SERVICE THROUGH THE JOHNSON COUNTY, KANSAS SHERIFF'S OFFICE AS FOLLOWS:

J & J Drive Away, Inc.
7270 West 162nd Street
Stilwell, KS  66085



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  WILL GRIMES PHILLIPS MR.
     wgphillips@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following alias summons was FILED on 2/13/2019 9:53:34 AM

Notice Date:     2/13/2019 9:53:34 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  TERESA SPEAR ATZBACH
999B PEARTREE ROAD
AUBURN, AL, 36830

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following alias summons was FILED on 2/13/2019 9:53:34 AM

Notice Date:      2/13/2019 9:53:34 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To: SUAREZ ANDRES (PRO SE)
108 MAIN STREET
HANCOCK, MD, 21750-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following alias summons was FILED on 2/13/2019 9:53:34 AM

Notice Date:     2/13/2019 9:53:34 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To: J & J DRIVE-AWAY, INC. (PRO SE)
7270 WEST 162ND STREET
STILLWELL, KS, 66085-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following alias summons was FILED on 2/13/2019 9:53:34 AM

Notice Date:     2/13/2019 9:53:34 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  GREENE JAMES DAVID JR.
     jdgreene@greenephillips.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following alias summons was FILED on 2/13/2019 9:53:34 AM

Notice Date:     2/13/2019 9:53:34 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:   GRAY FRED DAVID JR.
      fgrayjr@glsmgn.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following alias summons was FILED on 2/13/2019 9:53:34 AM

Notice Date:      2/13/2019 9:53:34 AM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

| State of Alabama | **SUMMONS** | **Court Case Number** |
|---|---|---|
| Unified Judicial System | **- CIVIL -** | 46-CV-2019-900009.00 |
| Form C-34  Rev. 4/2017 | | |

### IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA
### AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL

NOTICE TO: TERESA SPEAR ATZBACH, 999B PEARTREE ROAD, AUBURN, AL 36830
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WILL GRIMES PHILLIPS MR.
_____ ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 51 N. FLORIDA STREET, MOBILE, AL 36607 .
_____
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                *(Name(s))*

| 2/13/2019 9:53:34 AM | /s/ DAVID LOVE, JR. | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.
_____
*(Plaintiff's/Attorney's Signature)*

---

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
                                                                        *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                              *(Name of County)*

Alabama on _____ .
                          *(Date)*

_____     _____
*(Type of Process Server)*                 *(Server's Signature)*     *(Address of Server)*

_____     _____
                                           *(Server's Printed Name)*     *(Phone Number of Server)*

ELECTRONICALLY FILED
2/15/2019 5:23 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

JOHNSON COUNTY KANSAS SHERIFF'S RETURN OF C.

CASE NO. 46CV2019900009
CHAPTER

AL JEROME ANDRY

(PLAINTIFF)

J & J DRIVE AWAY INC.
7270 W 162ND ST
OVERLAND PARK, KS 66085

(PARTY OF RECORD)

### SHERIFF'S RETURN OF SERVICE

I have served the following, SUMMONS, COMPLAINT, INTERROGATORIES, by
delivering a copy of each to J & J DRIVE AWAY INC., personally, at 7270 W
162ND ST, on JANUARY 29 2019, at 1405 hours.


All done in Johnson County, Kansas

I hereby certify under penalty of perjury that the foregoing is true and
correct.

Executed  /-29-/8
(Date)

Attorney for Plaintiff                    Calvin Hayden Sheriff
WILL PHILLIPS                             Johnson County, Kansas

                                          By

                                          WILLIAMS, MICHAEL, DEPUTY

Additional Notes:
SERVED LINDA MILLER, BUSINESS ASSOCIATE


CERTIFICATION OF OFFICER'S AUTHORITY

Subscribed and sworn to before me this _7_ day of FEBRUAR, 2019,
by MICHAEL WILLIAMS , whom I certify was at the date of such service and is
now a Deputy Sheriff of Johnson County, State of Kansas, and as such Officer
is duly authorized to serve process in Civil actions within said State and
is as Officer of the Court of which I am Clerk.  Witness my hand and the
Seal of the District Court within and for the County of Johnson, and the
State of Kansas.

Sgt. Turner 1091/211

Clerk of the District Court, the Tenth Judicial
District of the State of Kansas, County of Johnson



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  WILL GRIMES PHILLIPS MR.
     wgphillips@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/15/2019 5:23:23 PM

Notice Date:      2/15/2019 5:23:23 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To: ATZBACH TERESA SPEAR (PRO SE)
999B PEARTREE ROAD
AUBURN, AL, 36830-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/15/2019 5:23:23 PM

Notice Date:    2/15/2019 5:23:23 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  SUAREZ ANDRES (PRO SE)
108 MAIN STREET
HANCOCK, MD, 21750-0000

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/15/2019 5:23:23 PM

Notice Date:      2/15/2019 5:23:23 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:   J & J DRIVE-AWAY, INC. (PRO SE)
      7270 WEST 162ND STREET
      STILLWELL, KS, 66085-0000

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/15/2019 5:23:23 PM

Notice Date:      2/15/2019 5:23:23 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To: GREENE JAMES DAVID JR.
jdgreene@greenephillips.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/15/2019 5:23:23 PM

Notice Date:     2/15/2019 5:23:23 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  GRAY FRED DAVID JR.
fgrayjr@glsmgn.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/15/2019 5:23:23 PM

Notice Date:      2/15/2019 5:23:23 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To: WILL GRIMES PHILLIPS MR.
wgphillips@greenephillips.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - SERVED was FILED on 2/15/2019 5:23:23 PM

Notice Date:     2/15/2019 5:23:23 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov

ELECTRONICALLY FILED
2/25/2019 2:05 PM
46-CV-2019-900009.00
CIRCUIT COURT OF
MACON COUNTY, ALABAMA
DAVID LOVE, JR., CLERK

## IN THE CIRCUIT COURT OF MACON COUNTY,

**AL JEROME ANDRY**

                    Plaintiff(s),                          **Case No.: 46-CV-2019-900009**

vs.
                                                          **AFFIDAVIT OF NON-SERVICE**

**TERESA SPEAR ATZBACH ET AL**

                    Defendant(s).

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Teresa Ann Smith, who, first being duly sworn, on oath deposes and states that he/she is a citizen of the United States and 18 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on **February 21, 2019** at **5:08 PM**, I discontinued attempting service of the SUMMONS, COMPLAINT AND PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO THE DEFENDANT, TERESA SPEAR ATZBACH, on **TERESA SPEAR ATZBACH**. The following attempts at service were made:

| Date/Time | Address | Remarks |
|-----------|---------|---------|
| 02/14/2019-4:59 PM | 999B PEARTREE ROAD Auburn, AL 36830 | PROPERTY IS VACANT |
| 02/20/2019-1:30 PM | 530 Union Camp Road Notasulga, AL 36866 | NO ANSWER FROM INSIDE THE RESIDENCE WHEN KNOCKING ON DOOR/RINGING DOORBELL. NO VEHICLES PRESENT AT HOME AT TIME OF ATTEMPT. |
| 02/21/2019-5:49 PM | 530 Union Camp Road Notasulga, AL 36866 | PROPERTY IS VACANT. I GOT HERE AT 5:08 AND THERE WAS NO ANSWER, NO CARS. I LOOKED INSIDE AND THERE IS ONLY ONE VERY OLD CHAIR INSIDE. I SAT AND WAITED FOR 30 MINUTES AND THE NEAREST NEIGHBOR CAME HOME AND SHE SAID THAT THIS HOUSE WAS VACANT. SHE DIDN'T KNOW TERESA, BUT SHE SAW HER MOVING OUT. I WENT DOWN TO DOLLAR GENERAL AND THE LADY WORKING THERE KNEW HER AND SAID SHE MOVED OUT OF THIS AREA SEVERAL MONTHS AGO. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___2/25/19___

Signed and sworn to before me on
this _25_ day of _February_, 20 _19_
by an affiant who is personally known to me
or produced identification.

_____
Notary Public

ASHLEY FOXWORTH
Notary Public, State of Alabama
Alabama State At Large
My Commission Expires
FEBRUARY 10, 2020

**GREENE & PHILLIPS**

_Teresa Ann Smith_
**Teresa Ann Smith**
MLQ Attorney Services
2000 Riveredge Parkway, Suite 885
Atlanta, GA 30328
770-984-7007/800-446-8794



*653515*



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  WILL GRIMES PHILLIPS MR.
     wgphillips@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - NOT SERVED was FILED on 2/25/2019
2:04:57 PM

Notice Date:     2/25/2019 2:04:57 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  ATZBACH TERESA SPEAR (PRO SE)
999B PEARTREE ROAD
AUBURN, AL, 36830-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - NOT SERVED was FILED on 2/25/2019
2:04:57 PM

Notice Date:     2/25/2019 2:04:57 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  SUAREZ ANDRES (PRO SE)
108 MAIN STREET
HANCOCK, MD, 21750-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - NOT SERVED was FILED on 2/25/2019
2:04:57 PM

Notice Date:      2/25/2019 2:04:57 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:   J & J DRIVE-AWAY, INC. (PRO SE)
      7270 WEST 162ND STREET
      STILLWELL, KS, 66085-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - NOT SERVED was FILED on 2/25/2019
2:04:57 PM

Notice Date:      2/25/2019 2:04:57 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:   GREENE JAMES DAVID JR.
        jdgreene@greenephillips.com

---

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - NOT SERVED was FILED on 2/25/2019
2:04:57 PM

Notice Date:      2/25/2019 2:04:57 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00

To:  GRAY FRED DAVID JR.
fgrayjr@glsmgn.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - NOT SERVED was FILED on 2/25/2019
2:04:57 PM

Notice Date:      2/25/2019 2:04:57 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov



**AlaFile E-Notice**

46-CV-2019-900009.00 .

To: WILL GRIMES PHILLIPS MR.
wgphillips@greenephillips.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

AL JEROME ANDRY V. TERESA SPEAR ATZBACH ET AL
46-CV-2019-900009.00

The following RETURN ON SERVICE - NOT SERVED was FILED on 2/25/2019
2:04:57 PM

Notice Date:  2/25/2019 2:04:57 PM

DAVID LOVE, JR.
CIRCUIT COURT CLERK
MACON COUNTY, ALABAMA
101 EAST NORTHSIDE STREET
TUSKEGEE, AL, 36083

334-724-2614
david.love@alacourt.gov