# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| AL JEROME ANDRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-149-ALB |
| | ) | |
| ANDRES SUAREZ AND J&J DRIVE-AWAY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes to the Court on Plaintiff Andry's Motion to Voluntarily Dismiss Without Prejudice. Doc. 32. Defendants Andres Suarez and J&J Drive-Away Inc. filed an opposition, Doc. 34, to which Andry has replied, Doc. 36. Upon consideration, the motion is due to be and hereby is GRANTED.

## BACKGROUND

This case is about a car wreck. According to the operative complaint and other materials on file, there were several participants in the wreck. Teresa Spear Atzbach was traveling on the interstate when her vehicle was struck and became disabled on the roadway. Doc. 6-2. Al Jerome Andry stopped his vehicle to assist Ms. Atzbach. Doc. 6-2. And he in turn was struck by a truck driven by Andres Suarez in the line of his employment with J&J Drive-Away, Inc.

Andry initially sued Atzbach, Suarez, and J&J Drive-Away Inc. in Alabama state court. Andry and Atzbach are both Alabama citizens. Suarez and J&J are not. Suarez and J&J removed the case to this federal court on diversity jurisdiction. In response, Andry dropped his claim against Atzbach, creating complete diversity.

While those preliminary proceedings were going on in this Court, Atzbach decided to file her own state-court lawsuit for injuries she sustained in the wreck. She sued Andry, his employer, Suarez, and J&J Drive Away, Inc. About two weeks after Andry filed an answer in the new state-court case, he moved to dismiss this federal lawsuit without prejudice.

Defendant opposed the motion to dismiss, arguing that Andry is forum-shopping.

The case has been pending for several months, most of which were devoted to jurisdictional issues. The parties have exchanged paper discovery, but have not scheduled depositions or filed dispositive motions. The Court has entered no substantive rulings.

## DISCUSSION

A district court enjoys broad discretion in deciding whether to dismiss an action without prejudice after a defendant serves an answer. *See* Fed. R. Civ. P. 41(a)(2); *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the

other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986). "Generally speaking, [however], a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the prospect of a second lawsuit." *Arias*, 776 F.3d at 1268.

Andry's motion to dismiss is due to be granted. Andry moves to voluntarily dismiss his claims here so that he can bring the same claims in the newly-filed state-court action. That action, unlike this one, includes all the parties involved in the wreck. Defendants, who are also parties in the newly-filed state-court action, will not be prejudiced by litigating Andry's claims in that action instead of separately litigating them in this Court. Although this case has been pending for several months, it is still in its early stages. And any paper discovery that has been conducted will carry over to the state-court case. Finally, there is no indication that Andry is forum-shopping or delaying. He previously helped create federal jurisdiction in this Court by voluntarily dismissing a non-diverse defendant, and he is not avoiding the effect of any adverse rulings by ending his case early. Moreover, he filed his motion to voluntarily dismiss in an expeditious manner—shortly after filing his answer in the newly-filed state-court case. The balance of the equities weighs in favor of granting the motion to dismiss without prejudice.

## CONCLUSION

Based on the foregoing, Andry's motion to voluntarily dismiss without prejudice (Doc. 32) is GRANTED.

DONE and ORDERED this 9th day of April, 2020.

                                              /s/ Andrew L. Brasher
                                            ANDREW L. BRASHER
                                            UNITED STATES DISTRICT JUDGE